[No. B142024. Second Dist., Div. Six. Mar. 22, 2001.]

IRENE JANINA SOLOVIJ, Plaintiff and Respondent, v.
STEVEN GOURLEY, as Director, etc., et al., Defendants and Appellants.

## COUNSEL

Bill Lockyer, Attorney General, Silvia M. Diaz and Zachary D. Wechsler, Deputy Attorneys General, for Defendants and Appellants.

Ronald A. Jackson for Plaintiff and Respondent.

## OPINION

**GILBERT, P. J.**—The Department of Motor Vehicles (DMV) suspended Irene Janina Solovij's license for driving with 0.08 percent or more of alcohol in her blood. (Veh. Code, § 13353.2.)[1] The administrative hearing officer considered both the officer's sworn and unsworn report. The trial court granted Solovij's petition for writ of mandate because there was no competent evidence in the sworn report to justify the initial stop and detention.

We conclude that without a sworn report containing competent evidence the officer's unsworn report cannot supply the missing competent evidence. The judgment is affirmed.

### FACTS

Evidence submitted at the DMV administrative hearing included the arresting officer's statement under penalty of perjury contained in form DS-367.

The DS-367 form stated in part: "PROBABLE CAUSE. Describe in detail the facts and circumstances that led to the stop or contract. . . . Attach page if needed[.]" On the lines provided, the arresting officer wrote, "22350 VC N/B Chapala St. & W/B Carrillo St."

The officer's unsworn arrest report was also submitted as evidence. The arrest report stated in part: "On 10/02/99 at approximately 0105 hours I was on routine patrol in a marked SBPD DDT unit, number 1892. I was driving northbound in the 800 block of Chapala Street. I observed a red 1993 Plymouth van, California license 3LMK096, passing vehicles as it was driving northbound and appeared to be driving at a speed in excess of the speed limit. As I continued to watch the vehicle and follow it until it made a stop at the intersection of Carrillo and Chapala, I noticed that as it was driving in the number one lane it appeared to be using all the lane, going

---

[1]All statutory references are to the Vehicle Code unless otherwise stated.

from side to side. I sat behind the van as it waited for the red light and followed the van westbound on Carrillo Street where it continued to weave within its lane and I initiated a traffic stop in the 300 west block of Carrillo Street."

Solovij objected to the unsworn arrest report as hearsay. The DMV hearing officer determined that the arresting officer had reasonable cause to detain Solovij. The DMV sustained its suspension of Solovij's license.

The trial court granted Solovij's petition for writ of mandate on the ground that the officer had no reasonable cause to detain her. The court reasoned in its statement of decision that the sworn DS-367 statement contained only the legal conclusion that Solovij violated section 22350, the basic speed law. Thus it states no facts to support the detention.

The court further reasoned that the unsworn arrest report is hearsay and can be used only to supplement or explain the sworn report. But the only information that explains or supplements statements in the sworn report is that Solovij was passing other cars. Passing other cars is not reasonable cause for a detention. The statement in the arrest report that Solovij was weaving in her lane does not supplement or explain any statement relating to reasonable cause for detention in the sworn report.

## DISCUSSION

█ Section 13353.2, subdivision (a)(1) mandates that the DMV immediately suspend the license of a person who is driving with 0.08 percent or more, by weight, of alcohol in his or her blood. The DMV must make an initial determination of the facts requiring suspension on the basis of the peace officer's sworn report. (*Id.* at subd. (d).)

Section 13380 requires that the arresting officer submit a sworn report containing "all information relevant to the enforcement action, including . . . a statement of the officer's grounds for belief that the person violated Section . . . 23152 . . . ."

The DMV must automatically review its initial decision to suspend a license. (§ 13557, subd. (a).) In its review, the DMV must consider the sworn report and any other evidence accompanying the report. (*Ibid.*)

Upon the driver's request, the DMV must hold a hearing on its decision to suspend a license. (§ 13558, subd. (a).) It must determine, among other matters, whether the peace officer had reasonable cause to arrest the driver

for violating section 23152. (§ 13557, subd. (b)(1)(A).) Evidence at the hearing is not limited to the officer's sworn report. (*Santos v. Department of Motor Vehicles* (1992) 5 Cal.App.4th 537, 545 [7 Cal.Rptr.2d 10].)

A driver who is not satisfied with the result of the DMV administrative hearing may file a petition for writ of mandate. (See *Santos v. Department of Motor Vehicles, supra*, 5 Cal.App.4th at p. 545.) The trial court uses its independent judgment to determine whether the DMV's decision was supported by the weight of the evidence. (*Ibid.*) On appeal we determine whether the trial court's decision is supported by substantial evidence. (*Ibid.*)

█ In order to justify a stop or detention the officer must have specific and articulable facts causing him to suspect that some activity relating to a crime has taken place, is occurring or is about to occur, and that the person detained is involved in that activity. (*In re Tony C.* (1978) 21 Cal.3d 888, 893 [148 Cal.Rptr. 366, 582 P.2d 957].)

█ Here the arresting officer's sworn report states as justification for Solovij's initial stop only that she violated section 22350. A statement that Solovij violated section 22350 is not evidence; it is a legal conclusion. (See *August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 62, fn. 3 [70 Cal.Rptr. 172]; *Downer v. Bramet* (1984) 152 Cal.App.3d 837, 841 [199 Cal.Rptr. 830].) The facts necessary to support the initial stop are contained exclusively in the unsworn report of the arresting officer.

In *Lake v. Reed* (1997) 16 Cal.4th 448 [65 Cal.Rptr.2d 860, 940 P.2d 311], the police arrived on the scene after an automobile accident. Lake was arrested for driving under the influence. The arresting officer's sworn report contained only hearsay from witnesses as a basis for its conclusion that Lake was driving. An unsworn report by a nonarresting officer contained Lake's admission that he was driving. At the DMV hearing Lake objected to both reports as hearsay.

Our Supreme Court determined that the unsworn report of the nonarresting officer was admissible under the public employee record exception to the hearsay rule. (*Lake v. Reed, supra*, 16 Cal.4th at p. 461, citing Evid. Code, § 1280.) Lake's admission that he was driving was admissible under the admission of a party exception to the hearsay rule. (16 Cal.4th at p. 461, citing Evid. Code, § 1220.) Further, the hearsay contained in the arresting officer's sworn report was admissible to explain or supplement Lake's admission. (16 Cal.4th at p. 461, citing Gov. Code, § 11513, subd. (c).)

In summarizing why the DMV properly considered the nonarresting officer's unsworn report, the court listed not only exceptions to the hearsay

rule, but also stated that "the applicable statutes do not make certification of a nonarresting officer's report a condition of admissibility at the hearing . . . ." (*Lake v. Reed, supra,* 16 Cal.4th at pp. 461-462.)

*Lake* is distinguishable. Here the question is whether the DMV properly considered the unsworn report of the arresting officer. The DMV's reliance on the arresting officer's unsworn report does not involve the hearsay rule. The unsworn report of the arresting officer is just as much a public employee record as the unsworn report of the nonarresting officer found admissible in *Lake.*

The problem is that section 13380 expressly requires the arresting officer to file a sworn report containing "all information relevant to the enforcement action . . . ." We presume that when the Legislature said the arresting officer must include "all information" in a sworn report, it meant what it said. An unsworn report will not suffice.

It is true that at the hearing, the DMV is not limited to a consideration of the arresting officer's sworn report. But the DMV cannot evade the statutory requirement that the arresting officer must include all information in a sworn report simply by categorizing the arresting officer's unsworn report as additional evidence.

Our Supreme Court said in *Lake*: "[P]ermitting the department's hearing officer to consider and rely on [the nonarresting officer's] unsworn police report does not unfairly evade the requirement . . . that the arresting officer file a sworn report." (*Lake v. Reed, supra,* 16 Cal.4th at p. 460.) Permitting the department's hearing officer to consider and rely on the arresting officer's unsworn report would unfairly evade that requirement.

Because the DMV may not rely on the arresting officer's unsworn report, there is no evidence that the officer's initial stop of Solovij was reasonable. Thus there is insufficient evidence of probable cause for her arrest.

The judgment of the trial court is affirmed. Costs on appeal are awarded to respondent.

Coffee, J., and Perren, J., concurred.