125 Cal.Rptr.2d 607 (2002)
102 Cal.App.4th 568
Daniel L. MacDONALD, Plaintiff and Respondent,
v.
Steven GOURLEY, as Director, etc., Defendant and Appellant.
No. B152695.
Court of Appeal, Second District, Division Three.
September 27, 2002.
Review Granted January 15, 2003.
*608 Bill Lockyer, Attorney General, Elizabeth Hong, Supervising Deputy Attorney General, Michelle Logan-Stern, Deputy Attorney General, for Defendant and Appellant.
No appearance for Plaintiff and Respondent.
KLEIN, P.J.
Steven Gourley, director of the Department of Motor Vehicles (DMV) of *609 the State of California and successor-in-office to DMV director Sally Reed, appeals a judgment granting a petition for writ of mandate. (Code Civ. Proc, § 1094.5.) The judgment overturns a decision of the DMV which suspended the driving privilege of Daniel L. MacDonald (MacDonald) for one year for driving with a blood alcohol concentration (BAC) of 0.08 percent or above.[1]
Vehicle Code section 13380 requires the arresting officer to set forth all information relevant to the enforcement action in a sworn report to the DMV.[2] The essential issue presented is whether, in reviewing the suspension, the DMV is limited to considering the information set forth in the arresting officer's sworn report.
After considering the statutory scheme and pertinent case law, we conclude the requirement that the arresting officer set forth all relevant information in a sworn report does not preclude the DMV from considering the arresting officer's unsworn report. It appears Solovij v. Gourley (2001) 87 Cal.App.4th 1229, 1234, 105 Cal. Rptr.2d 278, relied on by the trial court, was wrongly decided. The judgment is reversed with directions to reinstate the suspension.

FACTUAL AND PROCEDURAL BACKGROUND

1. Facts.

On March 22, 1999, at 1:25 a.m., California Highway Patrol (CHP) Officer J. Lawrence (Lawrence) observed MacDonald driving westbound on the 101 freeway at De Soto. MacDonald drove in lane No. 5, then drifted two feet into lane No. 4, and then drifted back to the right. Mac-Donald's right tires then crossed five feet onto the right shoulder. He continued driving partially on the shoulder for a distance and then exited at the Topanga Canyon offramp.
Lawrence initiated a traffic stop. He noted that MacDonald's eyes were red and watery, his speech was thick and slurred, and there was an odor of alcohol emanating from his breath. MacDonald admitted he had been drinking.
MacDonald failed several standard field sobriety tests. MacDonald's preliminary alcohol screening tests showed a BAC of .11 and .12 percent.
Lawrence arrested MacDonald and transported him to the West Valley police station where breath tests disclosed a BAC of .11 (sample 1) and .11 (sample 2) percent, respectively. Lawrence issued an "administrative per se" suspension/revocation order, confiscated MacDonald's driver's license and issued him a temporary license.
On the date of the incident, Lawrence completed a sworn report on DMV Form 367. With respect to the facts and circumstances which led to the stop, Lawrence *610 wrote: "OBS, S/V [subject vehicle] DRIVING W/B 101 DESOTO TO TOPANGA WEAVING SIDE TO SIDE IN W-1 LANE-STOP MADE."
On the same date, Lawrence completed CHP Form 202, Driving Under the Influence Arrest/Investigation Report, an unsworn report (see fn. 6, infra), which included a more detailed narrative of the above circumstances leading to the stop and arrest.
Both the 367 and the 202 reports were transmitted to the DMV.

2. The administrative hearing.

MacDonald requested an administrative hearing to overturn the suspension of his driving privilege.
The hearing was held on December 2, 1999; the persons present were the hearing officer and MacDonald's counsel.
The hearing officer admitted five documents into evidence: Exhibit 1, Lawrence's sworn statement on DMV Form 367; Exhibit 1A, Lawrence's unsworn narrative statement on CHP Form 202; Exhibit 2, the intoxilyzer report indicating a BAC of .11 (sample 1) and .11 (sample 2) percent, respectively; Exhibit 3, Administrative Per Se Suspension/Revocation Order and temporary driver's license; and Exhibit 4, MacDonald's driving record.
On MacDonald's behalf, the declaration of a forensic toxicologist, Darrell 0. Clardy, was submitted and received into evidence as Exhibit A.
MacDonald's counsel objected to Exhibit 1A, CHP Form 202, arguing an unsworn report by an officer is inadmissible hearsay. The hearing officer overruled the objection and issued a notification of findings and decision, sustaining the license suspension based on Lawrence's sworn statement, DMV Form 367, and the arrest report, CHP Form 202, which accompanied it. The DMVs decision suspended MacDonald's driving privilege for one year.

3. Superior court proceedings.

MacDonald filed a petition for writ of mandate (Code Civ. Proa, § 1094.5) to set aside the suspension. MacDonald alleged the DMV erred in admitting the unsworn 202 Form into evidence and allowing its use as a basis for a determination that there was probable cause to stop the vehicle.
In opposition, the DMV contended the unsworn 202 Form was properly received in evidence, and the statutory scheme does not limit the evidence at the hearing to sworn testimony. Further, there was probable cause to stop MacDonald because he "was weaving across two lanes and drove onto the shoulder of the freeway. He was an accident waiting to happen. Had the officers not stopped petitioner, he could have injured himself and/or others."
The trial court granted the petition, ruling as follows: Facts stated in the arresting officer's unsworn report do not comply with section 13380, which requires all information relevant to the enforcement action to be set forth in the officer's sworn report. Here, the arresting officer's sworn report, the DMV 367 report, merely stated the subject vehicle was "`weaving from side to side in W 1 Lane.' There is no indication of the distance or duration of such weaving. Weaving back and forth within one's own lane, without specific facts to establish that the weaving was pronounced or went on for some substantial distance, is not sufficient to establish probable cause.'" Further, pursuant to Solovij v. Gourley, supra, 87 Cal.App.4th 1229, 105 Cal.Rptr.2d 278, the DMV could not rely on the arresting officer's unsworn report to establish probable cause for the *611 stop.[3] Therefore, the DMV's decision to suspend MacDonald's driver's license was not according to law and constituted an abuse of discretion.
The DMV filed a timely notice of appeal from the judgment.

CONTENTIONS
The DMV contends: the weight of the evidence supports the DMV's suspension of MacDonald's driving privilege because Lawrence had reasonable cause to believe MacDonald was driving under the influence; MacDonald was lawfully arrested; he was driving a motor vehicle with a BAC of .08 percent or greater; the hearing officer properly admitted and relied upon Lawrence's 367 and 202 statements to find probable cause for MacDonald's stop and to uphold the license suspension.

DISCUSSION

1. Overview of the administrative per se statutory scheme.

Under the statutory procedure known as the "administrative per se" law, the DMV must immediately suspend the driver's license of a person who is driving with 0.08 percent or more, by weight, of alcohol in his or her blood. (§ 13353.2, subd. (a)(1).) The procedure is called "administrative per se" because it does not impose criminal penalties, but simply suspends a person's driver's license as an administrative matter upon a showing the person was arrested for driving with a certain BAC, without additional evidence of impairment. (Lake v. Reed (1997) 16 Cal.4th 448, 454, fn. 1, 65 Cal.Rptr.2d 860, 940 P.2d 311.) The express legislative purposes of the administrative suspension procedure are: (1) to provide safety to persons using the highways by quickly suspending the driving privilege of persons who drive with excessive blood-alcohol levels; (2) to guard against erroneous deprivation by providing a prompt administrative review of the suspension; and (3) to place no restriction on the ability of a prosecutor to pursue related criminal actions. (Id. at p. 454, 65 Cal.Rptr.2d 860, 940 P.2d 311.)
As explained in Lake v. Reed, wherein the Supreme Court dealt in depth with the purposes and procedures of the administrative per se law, the enactment was deemed necessary due to the time lag that often occurs between an arrest and a conviction for driving while intoxicated or with a prohibited BAC. During this interim period, arrestees who eventually could be convicted of an intoxication-related driving offense were permitted to continue driving and, possibly, endangering the public thereby. Moreover, without administrative per se laws, persons with extremely high BAC levels at the time of arrest could escape license suspension or revocation by plea bargaining to lesser crimes or entering pretrial diversion. Thus, by providing for an administrative license suspension prior to the criminal proceeding, the law affords the public added protection. (Lake v. Reed, supra, 16 *612 Cal.4th at pp. 454-455, 65 Cal.Rptr.2d 860, 940 P.2d 311.)
Under the administrative per se law, when a person is arrested for driving under the influence and is determined to have a prohibited BAC, the arresting officer, on behalf of the DMV, serves the person with a notice of order of suspension. (§§ 13353.2, subds.(b) & (c), 13382; Lake v. Reed, supra, 16 Cal.4th at p. 455, 65 Cal.Rptr.2d 860, 940 P.2d 311.) The notice informs the driver the license suspension will be effective 30 days from the date of service, states the reason and statutory grounds for the suspension, and explains the driver's right to seek an administrative hearing. (§§ 13353.2, subd. (c), 13353.3, subd. (a).) If the arresting officer serves the notice, the officer also confiscates the driver's license and issues on behalf of the DMV a 30 day temporary license. (§ 13382, subd. (b); Lake v. Reed, supra, at p. 455, 65 Cal.Rptr.2d 860, 940 P.2d 311.)
After either the arresting officer or the DMV serves a driver with the notice of order of license suspension, the DMV conducts an automatic internal review of the merits of the suspension. (§ 13557, subd. (a); Lake v. Reed, supra, 16 Cal.4th at p. 455, 65 Cal.Rptr.2d 860, 940 P.2d 311.) In its review, the DMV considers the sworn report submitted by the peace officer and any other evidence accompanying the report. (§ 13557, subd. (a).)
Apart from the automatic internal review, the driver may request a hearing, in which case the DMV holds a contested review hearing on its decision to suspend a license. (§ 13558, subd. (b); Lake v. Reed, supra, 16 Cal.4th at p. 460, 65 Cal.Rptr.2d 860, 940 P.2d 311.) If, as here, the driver "requests a hearing, the universe of potentially available evidence is enlarged, for `[a]ny evidence at the hearing shall not be limited to the evidence presented at an administrative review pursuant to Section 13557.' (§ 13558, subd. (b).) The rules potentially governing the evidence available for use in such hearings are set forth in division 6, chapter 3, article 3 of the Vehicle Code, commencing with section 14100. (§ 14100, subd. (a).) Two provisions are especially relevant. First, section 14104.7 states in pertinent part: `At any hearing, the department shall consider its official records and may receive sworn testimony.'... Second, for all matters not specifically covered by division 6, chapter 3, article 3 of the Vehicle Code, section 14112 incorporates the provisions of the Administrative Procedures Act governing administrative hearings generally. (Gov.Code, § 11500 et seq.; ...)" (Lake v. Reed, supra, 16 Cal.4th at p. 458, 65 Cal.Rptr.2d 860, 940 P.2d 311.)[4]
The hearing, which is typically before a DMV hearing officer, reviews the suspension determination under the preponderance of the evidence standard and the DMV bears the burden of proof. (§ 13557, subd. (b)(1); Lake v. Reed, supra, 16 Cal.4th at pp. 455-456, 65 Cal.Rptr.2d 860, 940 P.2d 311.)
*613 On an order for suspension under section 13353.2, for drivers 21 years of age and older, the sole issues are whether: "`(A) ... the peace officer had reasonable cause to believe that the person had been driving a motor vehicle in violation of Section ... 23152[ ] or 23153.[¶] (B) ... the person was placed under arrest ... [and][¶] (C) ... the person was driving ... [¶][w]hen the person had 0.08 percent or more, by weight, of alcohol in his or her blood.' (§ 13557, subd. (b)(2).) [Fn. omitted.]" (Lake v. Reed, supra, 16 Cal.4th at p. 456, 65 Cal.Rptr.2d 860, 940 P.2d 311; § 13558, subd. (c)(2).)
In ruling on a petition for writ of mandate following an order of suspension or revocation, a trial court is required to determine, based on its independent judgment, whether the weight of the evidence supports the administrative decision. (Gananian v. Zolin (1995) 33 Cal.App.4th 634, 638, 39 Cal.Rptr.2d 384; Lake v. Reed, supra, 16 Cal.4th at p. 456, 65 Cal.Rptr.2d 860, 940 P.2d 311.)
On appeal, this court's role is to review the record to determine whether the trial court's findings are supported by substantial evidence, resolving all evidentiary conflicts and drawing all legitimate and reasonable inferences in favor of the trial court's decision. (Lake v. Reed, supra, 16 Cal.4th at p. 457, 65 Cal.Rptr.2d 860, 940 P.2d 311.)

2. The requirement of filing a sworn report pursuant to section 13380.

a. Section 13380.

Section 13380, which is at the center of this controversy, provides in relevant part: "(a) If a peace officer ... arrests any person for a violation of Section 23140, 23152, or 23153 [driving under the influence], the peace officer shall immediately forward to the department a sworn report of all information relevant to the enforcement action, including information that adequately identifies the person, a statement of the officer's grounds for belief that the person violated [the statute], a report of the results of any chemical tests that were conducted on the person ..., a copy of any notice to appear under which the person was released from custody, and, if immediately available, a copy of the complaint filed with the court. For the purposes of this section ... `immediately' means on or before the end of the fifth ordinary business day following the arrest .... [¶] (b) The peace officer's sworn report shall be made on forms furnished or approved by the department. [¶] (c) For the purposes of this section, a report prepared pursuant to subdivision (a) and received pursuant to subdivision (a) of Section 1801, is a sworn report when it bears an entry identifying the maker of the document or a signature that has been affixed by means of an electronic device approved by the department." (Italics added.)

b. Solovij's interpretation of section 13380.

In Solovij, supra, 87 Cal.App.4th 1229, 105 Cal.Rptr.2d 278, the arresting officer's sworn report stated as justification for the driver's initial stop only that she violated section 22350. (87 Cal.App.4th at p. 1233, 105 Cal.Rptr.2d 278.) Solovij found the "statement that [the driver] violated section 22350 is not evidence, it is a legal conclusion." (Ibid.) The facts necessary to support the initial stop were contained exclusively in the unsworn report of the arresting officer. (Ibid.) Solovij held that because section 13380 requires the arresting officer to set forth all relevant information in the sworn report, the DMV could not rely on the arresting officer's unsworn report, and therefore there was insufficient evidence of probable cause for the arrest. *614 (Solovij, supra, 87 Cal.App.4th at p. 1234, 105 Cal.Rptr.2d 278.)
Solovij acknowledged that Lake v. Reed had determined the unsworn report of a nonarresting officer is admissible at the administrative per se review hearing pursuant to the public employee record exception to the hearsay rule. (Evid.Code, § 1280; Lake v. Reed, supra, 16 Cal.4th at pp. 459-461, 65 Cal.Rptr.2d 860, 940 P.2d 311; Solovij, supra, 87 Cal.App.4th at p. 1233, 105 Cal.Rptr.2d 278.)[5] Nonetheless, Solovij held the DMV could not rely on the unsworn report of the arresting officer, and therefore there was insufficient evidence of probable cause for the arrest. (Solovij, supra, 87 Cal.App.4th at p. 1234, 105 Cal.Rptr.2d 278.)
Solovij reasoned: "Lake is distinguishable. Here the question is whether the DMV properly considered the unsworn report of the arresting officer. The DMV's reliance on the arresting officer's unsworn report does not involve the hearsay rule. The unsworn report of the arresting officer is just as much a public employee record as the unsworn report of the nonarresting officer found admissible in Lake. [¶] The problem is that section 13380 expressly requires the arresting officer to file a sworn report containing `all information relevant to the enforcement action....' We presume that when the Legislature said the arresting officer must include `all information' in a sworn report, it meant what it said. An unsworn report will not suffice. [¶] It is true that at the hearing, the DMV is not limited to a consideration of the arresting officer's sworn report. But the DMV cannot evade the statutory requirement that the arresting officer must include all information in a sworn report simply by categorizing the arresting officer's unsworn report as additional evidence. [¶] Our Supreme Court said in Lake: `[Permitting the department's hearing officer to consider and rely on [the nonarresting officer's] unsworn police report does not unfairly evade the requirement ... that the arresting officer file a sworn report.' (Lake v. Reed supra, 16 Cal.4th at p. 460, 65 Cal.Rptr.2d 860, 940 P.2d 311.) Permitting the department's hearing officer to consider and rely on the arresting officer's unsworn report would unfairly evade that requirement, [¶] Because the DMV may not rely on the arresting officer's unsworn report, there is no evidence that the officer's initial stop of Solovij was reasonable. Thus there is insufficient evidence of probable cause for her arrest." (87 Cal.App.4th at p. 1234, 105 Cal.Rptr.2d 278, italics added.)

c. Solovij erred in holding an arresting officer's noncompliance with section 13380 precludes the DMV from considering the arresting officer's unsworn report.

It appears Solovij's cursory analysis of section 13380 is at odds with Lake v. Reed and with the statutory scheme. As explained in Lake v. Reed, regardless of whether the administrative review consists of an automatic internal review or a contested review hearing, the DMV is not limited to considering the sworn report of the arresting officer. (Lake v. Reed, supra, *615 16 Cal.4th at pp. 457-58, 65 Cal. Rptr.2d 860, 940 P.2d 311.)
When the DMV conducts an automatic internal review of the merits of the suspension or revocation, the DMV considers "the sworn report submitted by the peace officer pursuant to Section ... 13380 and any other evidence accompanying the report." (§ 13557, subd. (a), italics added.)
Alternatively, where, as here, the DMV holds a review hearing on the suspension decision pursuant to the driver's request, "the universe of potentially available evidence is enlarged, for '[a]ny evidence at the hearing shall not be limited to the evidence presented at an administrative review pursuant to Section 13557.' (§ 13558, subd. (b).)" Lake v. Reed supra, 16 Cal.4th at p. 458, 65 Cal.Rptr.2d 860, 940 P.2d 311.) Section 14104.7 provides in pertinent part: "At any hearing, the department shall consider its official records and may receive sworn testimony." (§ 14104.7; 16 Cal.4th at p. 458, 65 Cal. Rptr.2d 860, 940 P.2d 311.) Further, section 14112 incorporates the provisions of the Administrative Procedures Act (Gov. Code § 11500 et seq.) governing administrative hearings generally. (16 Cal.4th at p. 458, 65 Cal.Rptr.2d 860, 940 P.2d 311; see Gov.Code § 11513, subds. (c) & (d), pertaining to admissibility of evidence generally in administrative hearings, set forth in fn. 4, ante.)
Solovij erred in fashioning an exclusionary rule which precludes the DMV from considering an arresting officer's unsworn report on the ground the arresting officer's sworn report was inadequate. Although section 13380 requires the arresting officer to send the DMV a sworn report of all information relevant to the enforcement action (§ 13380, subd. (a)), the statute does not specify a penalty or consequence for the officer's failure properly to fill out the sworn report (see ibid.), and specifically does not require the result reached in Solovij, a decision which appears to be contrary to the intent and spirit of the administrative per se law.
Admittedly, section 13380 provides the arresting officer "shall" send the DMV a sworn report of all information relevant to the enforcement action. (§ 13380, subd. (a).) The word "shall" in a statute is ordinarily deemed mandatory. (California Correctional Peace Officers Assn. v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1143, 43 Cal.Rptr.2d 693, 899 P.2d 79.) However, "[a]s a general rule, ... a `"directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' [Citation.] If the action is invalidated, the requirement will be termed `mandatory.' If not, it is `directory' only." (Id. at p. 1145, 43 Cal.Rptr.2d 693, 899 P.2d 79.)
The issue presented in California Correctional Peace Officers Assn. was whether the requirement in Government Code section 18671.1 that the State Personnel Board "shall" render a decision within the statutory time was mandatory and jurisdictional or merely directory. The court found there was no statutory penalty or consequence which clearly reflected a legislative intent to deprive the Board of further jurisdiction over an employee's appeal and thereby invalidate future action whenever the Board fails to render a timely decision. (10 Cal.4th at p. 1148, 43 Cal. Rptr.2d 693, 899 P.2d 79.)
In its analysis, the Supreme Court also cited the rule that "a court may consider *616 the consequences that would follow from a particular construction and will not readily imply an unreasonable legislative purpose. Therefore, a practical construction is preferred. [Citation.]" (California Correctional Peace Officers Assn., supra, 10 Cal.4th at p. 1147, 43 Cal.Rptr.2d 693, 899 P.2d 79.) The high court reasoned a statutory construction "which permits the Board to retain jurisdiction, and thereby render a decision that might make prosecution of a mandate petition against the appointing power unnecessary, is manifestly more practical than one which cuts off the jurisdiction of the Board regardless of the time and resources the parties have already expended in proceedings before the Board." (Ibid.)
Here, although section 13380 provides the arresting officer "shall" send the DMV a sworn report of all information relevant to the enforcement action, the statute does not specify a consequence for the officer's failure to properly complete the sworn report. The consequence fashioned by Solovij for the arresting officer's failure to perfect the sworn report is at odds with the rest of the statutory scheme, which does not limit the DMV's review to the information contained in the sworn report and allows the DMV to consider an officer's unsworn report which meets the conditions for admissibility. (Lake v. Reed, supra, 16 Cal.4th at p. 461, 65 Cal.Rptr.2d 860, 940 P.2d 311.)
Further, the Solovij interpretation of section 13380 thwarts, rather than advances, the express legislative purpose of the administrative per se law to protect the public "`by quickly suspending the driving privilege of persons who drive with excessive blood-alcohol levels.'" (Lake v. Reed, supra, 16 Cal.4th at p. 454, 65 Cal. Rptr.2d 860, 940 P.2d 311.)
Finally, our determination that the DMV may consider the unsworn report of an arresting officer does not prejudice the interests of the arrestee. Regardless of whether information relevant to the enforcement action is set forth in a sworn report or an unsworn report, the statutory scheme guards against an erroneous deprivation by providing a prompt administrative review of the suspension.
For these reasons, we conclude Solovij erred in ruling that the arresting officer's failure to comply with section 13380's requirement to set forth all relevant information in the sworn report precludes the DMV from considering the arresting officer's unsworn report. (Solovij, supra, 87 Cal.App.4th at p. 1234, 105 Cal.Rptr.2d 278.)

3. Trial court erred in disregarding Lawrence's unsworn report and in overturning the DMVs suspension on the ground the evidence before the hearing officer did not justify the initial stop.

Here, Lawrence's sworn report, dated March 22, 1999, on DMV Form 367, set forth the following facts and circumstances which led to the stop: "OBS, S/V [subject vehicle] DRIVING W/B 101 DSOTO TO TOPANGA WEAVING SIDE TO SIDE IN W-l LANE-STOP MADE."
Contemporaneously with the sworn 367 report, Lawrence prepared an unsworn DUI Arrest-Investigation Report on CHP Form 202.[6] With respect to the reason for the stop, the 202 Form contains the following detailed narrative: "While on routine patrol, I was W/B U.S. 101 at De Soto *617 when I observed the subject vehicle (S/V) weaving in the W-5 laneThe S/V's left side tires were two feet into the W-4 lane, and the S/V slowly drifted back to the right. As the S/V drifted to the right, the right tires crossed five feet onto the right shoulder. The S/V continued driving partially on the shoulder, and the S/V took the S/B Topanga Cyn offramp. As the S/V exited the freeway, Officer Solso, (14450) activated the overhead lights and initiated an enforcement stop. The S/V then yielded to the right."
Pursuant to Solovij, the trial court disregarded the information set forth in the arresting officer's unsworn report on the 202 Form, did not consider the abundant evidence contained therein, and on that basis overturned the suspension. As stated, it ruled: Lawrence's unsworn report did not comply with section 13380, which requires all information relevant to the enforcement action to be set forth in the arresting officer's sworn report; Lawrence's sworn report merely stated the subject vehicle was weaving from side to side within a lane; pursuant to Solovij, supra, 87 Cal.App.4th 1229, 105 Cal. Rptr.2d 278, the DMV could not rely on the arresting officer's unsworn report to establish probable cause for the stop and to uphold the license suspension.
As explained above, an arresting officer's failure to set forth all relevant information in the sworn report in compliance with section 13380 does not preclude the DMV from relying on the arresting officer's unsworn report. The unsworn report by Lawrence was properly admitted at the administrative hearing because it comes within the public employee records exception to the hearsay rule. (Evid.Code, § 1280; Lake v. Reed, supra, 16 Cal.4th at p. 461, 65 Cal.Rptr.2d 860, 940 P.2d 311.) Therefore, contrary to the trial court's ruling, the evidence before the hearing officer supported the DMV's determination that Lawrence had reasonable cause to believe MacDonald was driving under the influence so as to justify the initial stop. (§ 13557, subd. (b)(2)(A).) Consequently, the DMV's decision to sustain the suspension of MacDonald's license was proper.
In sum, the trial court erred in disregarding Lawrence's unsworn report, which erroneously led it to overturn the suspension on the ground the evidence in the administrative record did not justify the initial stop.[7],[8]

DISPOSITION
The judgment granting the petition is reversed with directions to enter judgment denying the petition and reinstating the DMV's decision suspending MacDonald's driving privilege for one year. The DMV shall recover costs on appeal.
We concur: CROSKEY, and KITCHING, JJ.
NOTES
[1] MacDonald has not filed a respondent's brief herein. In such a situation, California Rules of Court, rule 17(a)(2) provides the court will decide the appeal on the record, the opening brief, and any oral argument by appellant.

Larimer v. Smith (1933) 130 Cal.App. 98, 101, 19 P.2d 825, wherein no respondent's brief was filed, stated "[l]est an injustice should result . .., we have undertaken to make an independent examination of the record." Thus, a respondent's failure to file does not require an automatic reversal. (In re Marriage of Davies (1983) 143 Cal.App.3d 851, 854, 192 Cal.Rptr. 212.) Notwithstanding the respondent's silence, the appellant still has the affirmative burden to show error. Therefore, this court reviews the record and reverses only if prejudicial error is found. (Ibid.)
[2] All further statutory references are to the Vehicle Code, unless otherwise indicated.
[3] Although the trial court addressed whether there was "probable cause" for the stop, the inquiry under the statute is whether "the peace officer had reasonable cause to believe" that the driver was driving under the influence. (§ 13557, subd. (b)(2)(A), italics added.) Reasonable cause has been defined as "such a state of facts as would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime. [Citations.]" (People v. Ingle (1960) 53 Cal.2d 407, 412, 2 Cal.Rptr. 14, 348 P.2d 577; accord Cantrell v. Zolin (1994) 23 Cal. App.4th 128, 133, 28 Cal.Rptr.2d 238.) As explained below, the record establishes that Lawrence had reasonable cause to stop Mac-Donald and thereafter to issue the suspension.
[4] Government Code section 11513 addresses the admissibility of evidence generally in administrative hearings. It states in relevant part: "(c) The hearing need not be conducted according to technical rules relating to evidence and witnesses, except as hereinafter provided. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of the evidence over objection in civil actions. [¶] (d) Hearsay evidence may be used for the purpose of supplementing or explaining other evidence but over timely objection shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions."
[5] Similarly, an arresting officer's sworn report to the DMV is admissible as a public employee record provided: the writing was made by and within the scope of duty of a public employee; was made at or near the time of the event; and the sources of information and method and time of preparation are such as to indicate its trustworthiness. (Gananian v. Zolin, supra, 33 Cal.App.4th at pp. 639-641, 39 Cal.Rptr.2d 384, discussing Evid. Code§ 1280.)
[6] We reject the DMV's contention that the 202 Form was a sworn report. We are aware that section 13380, subdivision (c), deems a report to be sworn if the report "bears an entry identifying the maker of the document...." Here, the 202 Form is subscribed by Lawrence. However, in addition, section 13380, subdivision (b) requires the sworn report to be on a form furnished or approved by the DMV. The 202 Form in issue is a CHP form, not a DMV form. Therefore, it appears the 202 Form does not qualify as a sworn report under section 13380.
[7] Because the DMV properly considered both the sworn and unsworn reports prepared by Lawrence, it is unnecessary to address whether the information contained in the sworn form, standing alone, was sufficient to show reasonable cause for the stop, or any other issues.
[8] We observe the DMV's 367 Form merely provides two and one-half blank lines for the officer to set forth "in detail the facts and circumstances that led to the stop or contact" and then states "[a]ttach page if needed." If more space were available on the 367 Form itself, or if the 202 Form were attached and deemed to be a part of the 367 Form, the problems presented by this case would not have arisen.