[No. B162055. Second Dist., Div. Six. June 18, 2003.]

MICHELLE A. GRUNDY, Plaintiff and Respondent, v.
STEVEN GOURLEY, as Director, etc., Defendant and Appellant.

## COUNSEL

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jacob Appelsith, Assistant Attorney General, Silvia Diaz and Thomas Scheerer, Deputy Attorneys General, for Defendant and Appellant.

Advocate Legal Services and Ronald A. Jackson, for Plaintiff and Respondent.

## OPINION

**YEGAN, Acting P. J.**—Respondent Michelle A. Grundy was arrested for driving under the influence (DUI) after she tried to drive her heavily damaged car away from the scene of a 2:00 a.m. single-car accident. Following an administrative hearing, the Department of Motor Vehicles (DMV) suspended Grundy's driver's license. (Veh. Code, § 13353.2, 13353.3, 13557.)[1] Grundy petitioned for a writ of mandate to set aside the suspension. The trial court granted the writ after finding that the arresting officer's sworn report did not contain sufficient facts to establish probable cause for Grundy's arrest. The trial court also noted its belief that it was precluded by our opinion in *Solovij v. Gourley* (2001) 87 Cal.App.4th 1229 [105 Cal.Rptr.2d 278] (hereafter, *Solovij*) from considering the live testimony received at the DMV hearing or any other information contained in the administrative record. Steven Gourley, the director of the DMV, appeals. We reverse.

FACTS

At about 2:00 a.m. on July 7, 2001, Ricardo Diaz was awakened by the sound of a car collision outside his house. From his window, Diaz watched a car with severe front end damage turn around in his driveway, drive a short distance and then stop. Diaz called police because he was concerned that a person would try to drive a car that was in such a dangerous condition. Santa Barbara Police Officer Jill Johnson arrived at 2:20 a.m. She noted that the driver of the car, respondent Michelle Grundy, smelled of alcoholic beverages and had bloodshot, watery eyes.

These facts are reflected in a sworn "DS 367" report prepared by arresting Officer Johnson. The DS 367 also notes that Officer Johnson administered breath tests to Grundy at 3:35 a.m. and 3:36 a.m. Each test measured Grundy's blood-alcohol content at 0.08 percent. Another report, completed on a Santa Barbara Police Department form, states that when Officer Johnson arrived, both front tires on Grundy's car were flat. Grundy told Officer Johnson the accident occurred when she "went over a curb and damaged her vehicle." She admitted that she "had a couple of beers" that night. Grundy performed poorly on the field sobriety tests.

Officer Johnson issued an order suspending Grundy's driver's license. Grundy requested an administrative hearing before the DMV to review the suspension. At the hearing, Diaz testified that he called the police because he thought it was very dangerous for Grundy to be driving a car as heavily damaged as hers was. The car was leaking oil, its front bumper was damaged,

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

there was smoke coming from the engine and it was "driving very bad." Diaz saw people from a nearby motel come outside and try to stop Grundy from driving. The DMV hearing officer also considered Officer Johnson's sworn DS 367 report and an accompanying unsworn arrest report. She concluded that Officer Johnson had reasonable cause for the arrest based on the facts reported by Diaz, Grundy's objective symptoms of intoxication, her poor performance on the field sobriety tests and her admission that she had been drinking.

Grundy petitioned for a writ of mandate to set aside the suspension. The trial court granted the writ because it concluded that Officer Johnson's sworn report did not establish probable cause to arrest Grundy. "Only by resort to the unsworn report could the respondents have justified the suspension .... Under the reasoning of *Solovij, [supra]*, 87 Cal.App.4th 1229 [105 Cal.Rptr.2d 278], this is impermissible and precludes the Court from considering other facts contained in the unsworn reports of the arresting officer."

DISCUSSION

Appellant contends the trial court's order should be reversed because *Solovij, supra,* 87 Cal.App.4th 1229, was wrongly decided and because the sworn report contains facts sufficient to justify the arrest. We decline the invitation to overrule *Solovij,* but agree that the trial court read our opinion in that case too narrowly and that the sworn report establishes probable cause of the arrest. The trial court's findings to the contrary are not supported by substantial evidence. As a consequence, we reverse the judgment and remand with instructions to deny Grundy's writ petition and direct the DMV to reinstate the suspension of her driver's license.

Under the "administrative per se" laws, a person who is arrested for DUI has his or her driving privilege suspended before the criminal charge is resolved. (§ 13353.2, subd. (a).) The officer must submit to the DMV a sworn report "of all information relevant to" the administrative per se suspension of the person's driver's license. (§ 13380, subd. (a).)

The person is entitled on request to challenge the suspension at an administrative hearing. (§ 13558, subd. (a).) At that hearing, the only issues for decision are whether the arresting officer had reasonable cause to believe the person was driving while under the influence of alcohol or drugs, the person was arrested, and the person was driving with a blood-alcohol content of 0.08 percent or higher. (*Lake v. Reed* (1997) 16 Cal.4th 448, 456 [65 Cal.Rptr.2d 860, 940 P.2d 311]; see also §§ 13557, subd. (b)(2), 13558, subd. (c)(2).) In addition to the sworn report, the DMV hearing officer may receive live testimony and may consider other admissible documents, such as

an unsworn report by a police officer other than the arresting officer. (*Lake v. Reed, supra,* 16 Cal.4th at pp. 458, 460; *Solovij, supra,* 87 Cal.App.4th at p. 1233.) The DMV may not, however, avoid the statutory requirement of a sworn report simply by categorizing other reports as " 'additional evidence.' " (*Dibble v. Gourley* (2002) 103 Cal.App.4th 496, 501 [126 Cal.Rptr.2d 709], quoting *Solovij, supra,* at p. 1234.) If the DMV hearing officer finds that each issue is established by a preponderance of the evidence, the person's driver's license is suspended. (§ 13557, subd. (b)(1), (b)(2))

A person whose driver's license has been suspended under these statutory provisions may petition the superior court for a writ of mandate to set aside the suspension. The trial court exercises its independent judgment to determine whether the weight of the evidence in the administrative record supports the suspension. (*Lake v. Reed, supra,* 16 Cal.4th 457.) "On appeal, we 'need only review the record to determine whether the trial court's findings are supported by substantial evidence.' (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143, fn. 10 [93 Cal.Rptr. 234, 481 P.2d 242].)" (*Id.*; see also *Solovij, supra,* 87 Cal.App.4th at p. 1233.)

The question here, then, is whether substantial evidence supports the trial court's finding that the administrative record is insufficient to support the suspension order. Grundy contends that it is because Officer Johnson did not list in the sworn report enough facts to establish probable cause for believing that Grundy was driving under the influence. The trial court agreed with that analysis, further noting that it was prevented by our opinion in *Solovij* from considering any facts outside those mentioned in the sworn report.

The trial court read *Solovji* much too narrowly. ■ Our opinion in that case expressly acknowledges that "Evidence at the [DMV] hearing is not limited to the officer's sworn report." (*Solovij, supra,* 87 Cal.App.4th at p. 1233.) *Solovij* does not prohibit the trial court's consideration of additional evidence in the administrative record compiled by the DMV. Instead, it precludes the DMV from basing a suspension order on a sworn report that consists entirely of a legal conclusion without stating any supporting facts whatsoever. (*Id.*)

The administrative record here is entirely different from the one we encountered in *Solovij* and we distinguish the two cases for that reason. Here, the weight of the evidence in the administrative record established that Officer Johnson had probable cause to arrest Grundy for driving under the influence. ■ Officer Johnson's sworn report states that a witness watched Grundy try to drive her heavily damaged car after she was involved in an accident in the early morning hours. When Officer Johnson arrived at the scene, Grundy had bloodshot and watery eyes and smelled of alcohol. These facts, known to

Officer Johnson at the time of the arrest, " 'would lead a person of ordinary care and prudence to entertain an honest and strong suspicion that' " Grundy had been driving under the influence. (*People v. Hill* (2001) 89 Cal.App.4th 48, 54 [107 Cal.Rptr.2d 110].) The facts contained in the sworn report, therefore, establish probable cause for her arrest, even before one considers Diaz's testimony at the hearing or the unsworn reports. (*Dibble v. Grouley, supra,* 103 Cal.App.4th at p. 503.)

■ We further note that the facts reflected in Johnson's accompanying unsworn reports and Diaz's live testimony were fully consistent with the substance of the sworn report. The DMV hearing officer was entitled to consider these facts in determining whether Johnson had probable cause to arrest Grundy, because the sworn report contained facts, not legal conclusions, that justified the arrest. (*Lake v. Reed, supra,* 16 Cal.4th at pp. 457–458.)

The judgment is reversed and this case is remanded to the trial court with directions to enter an order denying Grundy's petition for a writ of mandate and reinstating the DMV's suspension order. The parties are to bear their own costs on appeal.

Coffee, J., and Perren, J., concurred.