[No. E014596. Fourth Dist., Div. Two. May 17, 1996.]

MICHAEL GRAY McNARY, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Daniel E. Lungren, Attorney General, Martin H. Milas and Jack T. Kerry, Deputy Attorneys General, for Defendant and Appellant.

Bartell, Beloian & Hensel and Donald J. Bartell for Plaintiff and Respondent.

## OPINION

**McKINSTER, J.**—Respondent, Michael Gray McNary, was arrested for driving with a blood-alcohol level in excess of .08 percent and received a suspension of his license. He challenged the suspension of his license at an administrative hearing, but the hearing officer upheld it.

Respondent then successfully petitioned for a writ of mandate from the Riverside Superior Court on the basis the administrative record failed to establish the officer who prepared the "Officer's Statement," which was admitted into evidence, personally observed respondent's driving and had reasonable cause to believe that respondent was under the influence at the time he was driving. The court's minute order shows the court found there was insufficient evidence of respondent's driving or that the Officer's Statement's subscribing officer, S.R. Lee, actually observed the defendant driving the vehicle. The court further found that the Department of Motor Vehicles (DMV) cannot prove the defendant's driving by "double hearsay."

DMV now appeals contending that the record is sufficient to establish that the defendant was driving a vehicle while under the influence, that he was lawfully arrested, and that his blood-alcohol level exceeded the legal maximum. DMV also complains that the hearing officer erroneously admitted respondent's declaration from his expert. We find there is no substantial evidence to support the issuing of the writ of mandate and reverse.

## FACTS

On February 28, 1993, at 2:08 a.m., respondent was stopped and arrested for a violation of California Vehicle Code section 23152.[1] Because of that arrest and a blood-alcohol test result of .19 percent, his driver's license was suspended. Respondent then sought a DMV administrative hearing to challenge the suspension of his license.

No live testimony was taken at the hearing. The hearing officer admitted into evidence a document entitled "Officer's Statement" (also known as a form DL 367) as exhibit No. 1 over respondent's objections based on lack of foundation, no personal knowledge, and hearsay. This is a preprinted form that has check-off blocks and blanks for the signing officer to fill in.

The hearing officer admitted into evidence as exhibit No. 2 a laboratory report showing a blood-alcohol level of .19 percent. The hearing officer also admitted into evidence a declaration offered by respondent from a forensic toxicologist, Darrell O. Clarady, in which Clarady states that he conducted an analysis of respondent's blood sample and found that the preservative in the blood was seven to fourteen times less than was needed to prevent the sugar in respondent's blood from fermenting into alcohol.

Under the "PROBABLE CAUSE" section of the "Officer's Statement" signed by Riverside Police Officer S.R. Lee, which asked him to "Please describe in detail the facts and circumstances that led to the stop or contact," the officer wrote: "McNary almost hit the right curb twice. He then made two lane changes w/out signaling. McNary also made a left turn without signaling." Immediately after that statement there is a line that asks, "Did you observe the person driving?" Officer Lee then checked the box marked "No" and which bore the instruction next to it: "(if not, show the observer's name below or explain)."

Farther down on the form is a line that states: "OTHER OBSERVER/ WITNESS. If driving was observed, driver was arrested, or the accident witnessed by another officer or person, please complete the following:" Officer Lee then printed: "SGT. Bradirk # 120 RVSD. P.D."

## DISCUSSION

█ " 'The task for the trial court is to determine, exercising its independent judgment, whether the administrative decision was supported by the

---

[1] All further statutory references are to the Vehicle Code unless otherwise stated.

weight of the evidence. . . .' . . . On appeal, we consider 'whether the evidence reveals substantial support, contradicted or uncontradicted, for the trial court's conclusion that the weight of the evidence does not' support the DMV's order suspending [the] respondent's license. . . . In reaching our decision, we will make all legitimate and reasonable inferences in favor of the trial court's conclusion.' " (*Coniglio* v. *Department of Motor Vehicles* (1995) 39 Cal.App.4th 666, 672 [46 Cal.Rptr.2d 123], citations omitted.)

The burden of proving facts necessary to support a suspension of a license rests with DMV. Until DMV has met its burden of producing *competent* evidence necessary to establish a prima facie case, the licensee has no duty to rebut the allegations or otherwise respond. (*Daniels* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 532, 536 [189 Cal.Rptr. 512, 658 P.2d 1313].)

At the outset of the DMV hearing the hearing officer correctly limited the scope of the issues (*Daniels* v. *Department of Motor Vehicles, supra,* 33 Cal.3d at p. 536) to the following:

"1. Did the officer have reasonable cause to believe that Michael Gray McNary had been driving a motor vehicle in violation of section 23152 or section 23153 of the California Vehicle Code.

"2. Was Michael Gray McNary lawfully arrested.

"3. Was Michael Gray McNary driving or in actual physical control of a motor vehicle when he had a .08 percent or more of alcohol in his blood."

Respondent's contention is that DMV never established through *competent evidence* that respondent was driving the vehicle. We disagree.

I

*The Officer's Statement Was Sufficient Evidence to Support a Finding That Respondent Was Driving.*

The trial court, after reviewing the administrative record, found "[t]hat the DMV did not sufficiently establish that [respondent] was driving. The sworn statement of the arresting officer, admissible as to the officer's knowledge (see: *Imachi* v. *DMV* (1992) 2 Cal.App.4th 809 [3 Cal.Rptr.2d 478]), indicates that [t]he declarant did not see [respondent] driving any vehicle." The court commented that DMV cannot prove respondent was

driving "[b]ased on double hearsay." Presumedly, the double hearsay is Sergeant Bradirk's observations incorporated in Officer Lee's report.

The decision in *Imachi v. Department of Motor Vehicles* (1992) 2 Cal.App.4th 809 [3 Cal.Rptr.2d 478] virtually compelled the court to reach the conclusion that Sergeant Bradirk's observation of respondent's driving, incorporated in the sworn statement of Officer Lee, was hearsay and insufficient by itself to establish the necessary element of respondent's driving which was necessary to uphold the suspension of the license. Numerous other cases, some of which are cited by respondent in his brief, also follow the reasoning of *Imachi* and would compel the same conclusion that the trial court reached, i.e., the hearsay statement of Sergeant Bradirk was insufficient to establish respondent's driving due to lack of personal knowledge by Officer Lee, and therefore, the writ of mandate should issue to compel the DMV to set aside its order of suspension. (*Davenport v. Department of Motor Vehicles* (1992) 6 Cal.App.4th 133 [7 Cal.Rptr.2d 818]; *Snelgrove v. Department of Motor Vehicles* (1987) 194 Cal.App.3d 1364 [240 Cal.Rptr. 281]; *Fisk v. Department of Motor Vehicles* (1981) 127 Cal.App.3d 72 [179 Cal.Rptr. 379, 31 A.L.R.4th 905]; *Burge v. Department of Motor Vehicles* (1992) 5 Cal.App.4th 384 [7 Cal.Rptr.2d 5].)

Central to the holding in these cases is the effect of Government Code section 11513, subdivision (c), which provides in part that the DMV may use hearsay in the administrative hearing for the purpose of supplementing or explaining other evidence; however, hearsay evidence is not ". . . sufficient in itself to support a finding unless it would be admissible over objection in civil actions." An exception to the hearsay rule embodied in Evidence Code section 1280, the public employee records exception, would qualify under Government Code section 11513, subdivision (c). However, the above cited cases have held that hearsay of one officer incorporated in the otherwise admissible sworn report of another officer under Evidence Code section 1280 is not trustworthy and does not qualify as an exception within the meaning of Government Code section 11513, subdivision (c), because the first officer's hearsay observation of driving fails to meet the requirement of personal or firsthand knowledge when incorporated into the sworn report of the second officer.

However, since the trial court made its ruling and the case was fully briefed by the parties, the First District has issued its opinion in *Gananian v. Zolin* (1995) 33 Cal.App.4th 634 [39 Cal.Rptr.2d 384], petition for review by the Supreme Court denied June 22, 1995. There Justice Chin examined the line of cases cited above and relied upon by the respondent and rejected them as wrongly decided.

■ The court in *Gananian* determined that to qualify as an exception to the hearsay rule within the meaning of Evidence Code section 1280, personal observation is not required. Rather the evidence is admissible under section 1280 if: (a) the writing was made by and within the scope of duty of a public employee; (b) the writing was made at or near the time of the event, and; (c) the sources of information and the method and time of its preparation were such as to indicate its trustworthiness. "The object of this hearsay exception 'is to eliminate the calling of each witness involved in the preparation of the record and substitute the record of the transaction instead. [Citations.]' . . . Accordingly, for the exception to apply, '[i]t is not necessary that the person making the entry have personal knowledge of the transaction. [Citations.]' . . . Assuming satisfaction of the exception's other requirements, '[t]he trustworthiness requirement . . . is established by a showing that the written report is based upon the observations of public employees who had a *duty* to observe the facts and report and record them correctly.' " (33 Cal.App.4th at pp. 639-640, citations and fns. omitted.)

■ In rejecting the line of cases relied upon by respondent and in finding the first officer's observations may be incorporated into the second officer's report, the court in *Gananian* relied in part upon *Taylor* v. *Centennial Bowl, Inc.* (1966) 65 Cal.2d 114, 126 [52 Cal.Rptr. 561, 416 P.2d 793], which found admissibility "depends first upon whether its contents are based on [the officer's] own observations, *or the observations of other police officers or public officials whose job it is to know the facts recorded*; if so, but only if so, is it then admissible. . . ." (Italics added.)

We have carefully reviewed *Gananian* and the competing line of cases. We find the decision in *Gananian* to be the better reasoned. Accordingly, we follow it and reject the competing line of cases relied upon by respondent and rejected in *Gananian*. In view of the decision in *Gananian,* which unfortunately did not exist at the time the trial court made its findings and without which we would have reached the same decision as the trial court, the trial court's finding of insufficient evidence to support the fact of respondent's driving was erroneous.

II

*The Declaration of Respondent's Forensic Toxicologist Is Incompetent Evidence.*

■ DMV was not represented by counsel at the administrative hearing. The hearing officer admitted the Clarady declaration without comment and

without objection. The hearing officer in sustaining the suspension impliedly rejected Clarady's assertion that respondent's blood may have fermented resulting in a too high blood-alcohol content of .19 percent. On appeal DMV claims that the admission of the declaration was error. We agree.

The trial court made findings that DMV waived objections to its admission. DMV claims it did not waive objection to its admission and further claims that it was admitted without compliance with Government Code section 11514, subdivision (a), which requires the proponent of an affidavit to be admitted as evidence at an administrative hearing to provide the opposing party with a copy of it and a separate notice of intent to use the affidavit 10 days prior to the hearing date so the opponent may request cross-examination of the affiant. In the present case there was no compliance with the code section.

There are two competing lines of cases concerning the issue of whether an objection to hearsay evidence is necessary during an administrative hearing to preserve the issue on review. One line of cases, represented by *Borror* v. *Department of Investment* (1971) 15 Cal.App.3d 531, 544-547 [92 Cal.Rptr. 525], holds that an objection must be made or it is waived. Another line of cases, represented by *Martin* v. *State Personnel Bd.* (1972) 26 Cal.App.3d 573 [103 Cal.Rptr. 306], holds that an objection is not needed and cannot turn hearsay evidence into competent evidence that can independently support a finding as required by Government Code section 11513, subdivision (c). We have considered both lines of cases and find the *Martin* line of cases to be the better reasoned. We therefore adopt its holding that an objection is not necessary to preserve the issue on review.

In the present case, respondent did not comply with the Government Code section 11514 requirement that DMV receive a copy of the affidavit and notice of intent to admit it into evidence 10 days before the hearing. If he had, DMV then would have been required to give notice to respondent within seven days of its receipt of its request to cross-examine the affiant. If DMV then had failed to make such a timely request, the affidavit could have been admitted into evidence and given the same effect as if the affiant testified orally. Respondent did not comply with the code section, and DMV did not have an opportunity to request cross-examination of the expert. The affidavit should not have been admitted into evidence. Without the declaration there is no evidence to contradict the .19 percent blood-alcohol content proven by DMV at the hearing. In any event the hearing officer impliedlly rejected the evidence and found the blood-alcohol level to be at least .08 percent by virtue of its order upholding suspension of respondent's license.

### DISPOSITION

The judgment is reversed and the case remanded to the trial court with directions to deny respondent's petition and reinstate the DMV's suspension order. DMV shall recover its costs on appeal. (*Gananian* v. *Zolin*, *supra*, 33 Cal.App.4th 634, 644.)

Ramirez, P. J., and Richli, J., concurred.