[No. B156045. Second Dist., Div. Six. Nov. 4, 2002.]

LAWRENCE ADAIR DIBBLE, Plaintiff and Appellant, v. STEVEN GOURLEY, as Director, etc., et al., Defendants and Respondents.

498

COUNSEL

Ronald A. Jackson for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Elizabeth Hong and Gary S. Balekjian, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**PERREN, J.**—Lawrence Adair Dibble appeals from a judgment denying his petition for a writ of mandate and upholding the Department of Motor Vehicles' (DMV) suspension of his driver's license for driving with a blood-alcohol level of 0.08 percent or more (Veh. Code, §§ 13353.2, 13558).[1] Appellant contends that the arresting officer's unsworn reports were inadmissible at the administrative hearing, and that the officer's sworn report is insufficient to establish probable cause for his arrest. Appellant did not appear at his DMV hearing. We conclude that he waived his objection to the unsworn reports by failing to appear at the administrative hearing, and that in any event the evidence in the sworn report is sufficient to support the finding of probable cause. We affirm.

FACTS AND PROCEDURAL BACKGROUND

On August 25, 2001, appellant was arrested by Officer R. Smith for driving under the influence of alcohol. The officer's sworn statement, submitted on DMV form DS 367, stated that appellant had been involved in a collision. As directed on the form, Officer Smith attached a copy of the collision report and provided the addresses and telephone numbers of a witness to the collision and the officer who had observed appellant driving. The facts giving rise to probable cause were stated on the form as follows: "S/V involved in T/C causing injuries S/B I-405 s/of Sand Cyn and fled the scene. Subsequently stopped by Irvine PD Ofcr D. Howe. The subject was the cause of the collision. The time of the T/C was established by the statements of Driver #2 and Witness #1." In listing appellant's objective symptoms of intoxication, the officer checked boxes for "Bloodshot/watery eyes," "Odor of alcoholic beverage," "Unsteady gait," and "Slurred speech."

The attached nine-page collision report stated that Officer Smith was responding to a hit-and-run collision on the freeway in Irvine when he learned that appellant had been stopped about two miles from the accident scene after another officer had observed him driving on a rim. Officer Smith

---

[1] All statutory references are to the Vehicle Code unless stated otherwise.

went there and contacted appellant as he sat on the sidewalk near his car. After the officer observed various signs of intoxication, appellant admitted that he had been drinking and that he had rear-ended a car on the freeway and left the scene. The individual referred to as witness No. 1 in the officer's DMV form DS 367 sworn statement (the husband of the driver of the other car involved in the collision) described and subsequently identified appellant's car. After appellant was unable to perform field sobriety tests, he was arrested. A blood test performed on appellant after his arrest revealed a blood-alcohol level of 0.16 percent.

Appellant subsequently requested a hearing on the DMV's decision to suspend his license, but neither he nor his representative appeared at the hearing or otherwise presented any evidence on his behalf. Evidence submitted by the DMV included Officer Smith's form DS 367 sworn statement, the collision report attached to that statement, the arrest report, and the blood test results. Following the hearing, the DMV upheld the suspension of appellant's driver's license. The trial court subsequently denied appellant's petition for a writ of mandate and his request for an immediate stay of his license suspension, finding among other things that "[t]he facts set forth in the DS 367 and the required attached Collision Report provide ample basis for a person exercising ordinary care and prudence to hold an honest and strong suspicion that Petitioner drove a motor vehicle while under the influence of alcohol."

## DISCUSSION

### The Sworn Report

Section 13380, subdivision (a), requires a peace officer who arrests a person for driving under the influence of alcohol or serves a DMV order of suspension of that person's license to "immediately forward to the [DMV] a sworn report of all information relevant to the enforcement action, including information that adequately identifies the person, a statement of the officer's grounds for belief that the person violated Section . . . 23152, . . . [and] a report of the results of any chemical tests that were conducted on the person . . . ." The DMV bears the burden of proving by a preponderance of the evidence that the driver has violated section 23152. (§ 13557, subd. (b)(2); *Lake v. Reed* (1997) 16 Cal.4th 448, 455 [65 Cal.Rptr.2d 860, 940 P.2d 311].) ■ In conducting its automatic review of the initial suspension decision, "the DMV must consider the [section 13380] sworn report and any other evidence accompanying the report." (*Solovij v. Gourley* (2001) 87 Cal.App.4th 1229, 1232 [105 Cal.Rptr.2d 278], citing § 13557, subd. (a).)

■    At the driver's request, the DMV must hold a hearing at which it must decide, among other things, whether the arresting officer had reasonable cause to believe that the driver had violated section 23152. (*Solovij v. Gourley, supra,* 87 Cal.App.4th at pp. 1232-1233; §§ 13557, subd. (b)(1)(A), 13558, subd. (a).) In ruling on an application for a writ of mandate following a DMV order of suspension, the trial court is required to determine, based on its independent judgment, whether the weight of the evidence supported the administrative decision. (*Lake v. Reed, supra,* 16 Cal.4th at pp. 456-457.) On appeal, we review the record to determine whether the trial court's findings are supported by substantial evidence and independently review the trial court's legal determinations. (*Ibid.*) In conducting that review, " ' "[w]e must resolve all evidentiary conflicts and draw all legitimate and reasonable inferences in favor of the trial court's decision. [Citations.] . . ." ' " (*Id.* at p. 457.)

■    In *Solovij v. Gourley, supra,* 87 Cal.App.4th 1229, we held it was error to admit the arresting officer's unsworn reports at the administrative hearing over the driver's objection and that the evidence in the sworn report was insufficient to support the suspension. Accordingly, we affirmed the trial court's issuance of a writ of mandate reversing the DMV's suspension of the driver's license. (*Id.* at p. 1234.) We follow *Solovij* here, notwithstanding the recent disagreement with that decision expressed by our colleagues in Division Three. (See *MacDonald v. Gourley* (2002) 102 Cal.App.4th 568 [125 Cal.Rptr.2d 607].) Section 13380 says what it says: a peace officer who arrests an individual for driving under the influence "shall immediately forward to the department a sworn report of all information relevant to the enforcement action . . . ." "We presume that when the Legislature said the arresting officer must include 'all information' in a sworn report, it meant what it said. An unsworn report will not suffice. [¶] It is true that at the hearing, the DMV is not limited to a consideration of the arresting officer's sworn report. But the DMV cannot evade the statutory requirement that the arresting officer must include all information in a sworn report simply by categorizing the arresting officer's unsworn report as additional evidence." (*Solovij,* at p. 1234.)

In concluding that the absence of any reference in the statute to a penalty for noncompliance renders the statute directory and not mandatory, our colleagues misplace their reliance on *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133 [43 Cal.Rptr.2d 693, 899 P.2d 79]. (*MacDonald v. Gourley, supra,* 102 Cal.App.4th at pp. 580-581.) That case simply recognized that " 'a *time limitation* is deemed merely directory "unless a consequence or penalty is provided for failure to do the act *within the time commanded.*" ' " (*California Correctional Peace Officers*

*Assn.,* at p. 1145, italics added.) Where, as here, the statute does not concern a time limit, the absence of an express sanction for noncompliance is not dispositive. *(People v. Tindall* (2000) 24 Cal.4th 767, 775 [102 Cal.Rptr.2d 533, 14 P.3d 207], citing *California Correctional Peace Officers Assn.,* at p. 1145.) We also reject our colleagues' criticism that our interpretation of section 13380 "thwarts, rather than advances, the express legislative purpose of the administrative per se law to protect the public ' "by quickly suspending the driving privilege of persons who drive with excessive blood-alcohol levels." ' " *(MacDonald,* at p. 581, quoting *Lake v. Reed, supra,* 16 Cal.4th at p. 454.) If a person successfully objects to an arresting officer's unsworn report at an administrative hearing and the sworn report is insufficient to meet the DMV's burden of proof, the DMV can call the officer to testify. *(Lake,* at p. 458; §§ 13558; subd. (b), 14104.7.) Although it may be more practical to allow consideration of the arresting officer's unsworn reports, the power to fashion such a rule lies exclusively with the Legislature. Of course, all of this is rendered moot and the purpose of the law satisfied if all of the relevant information is included in the officer's sworn report.

Relying on our decision in *Solovij,* appellant contends that the DMV hearing officer erroneously considered Officer Smith's unsworn collision and arrest reports. *Solovij* is inapposite, however, because here appellant did not appear at his administrative hearing, much less object to the admission of Officer Smith's unsworn reports. As we have noted, the hearing officer could have considered other evidence, including the testimony of the officer, in reaching its conclusion. *(Lake v. Reed, supra,* 16 Cal.4th at p. 458.) Had appellant objected at the hearing, the DMV could have subpoenaed the officer to testify. *(Jackson v. Department of Motor Vehicles* (1994) 22 Cal.App.4th 730, 738 [27 Cal.Rptr.2d 712]; § 14104.7.) Appellant's objection in his petition for writ of mandate was too late. By failing to object to the admissibility of the unsworn reports at the administrative hearing, he waived his claim of error. *(Jackson,* at p. 738 [driver waived objection to unsworn arrest report by inviting hearing officer to consider it].)

■ Appellant also contends the hearing officer was obligated to follow the law in admitting and considering evidence, without regard to whether an objection was made. Appellant's contention is correct but his conclusion is not. Although the unsworn reports are hearsay, Government Code section 11513, subdivision (d), provides that in administrative hearings, "[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence *but over timely objection* shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." (Italics added.) Since appellant did not timely object to the unsworn reports, the hearing officer was authorized by law to consider them in conjunction

with the sworn report in deciding whether the weight of the evidence supported the DMV's decision to suspend appellant's license. In other words, the hearing officer did follow the law.

At oral argument, appellant misplaced his reliance on *McNary v. Department of Motor Vehicles* (1996) 45 Cal.App.4th 688 [53 Cal.Rptr.2d 55], for the proposition that hearsay objections need not be made at administrative hearings in order to preserve the issue for judicial review. *McNary* was decided under an earlier version of Government Code section 11513, which did not refer to any need for an objection. (*McNary*, at p. 696, citing former Gov. Code, § 11513, subd. (c).) In 1997, the statute was amended to include the objection requirement.

### *Probable Cause*

■ We also reject appellant's contention that the sworn statement is insufficient to support the trial court's finding Officer Smith had probable cause to believe that appellant was driving under the influence of alcohol in violation of section 23152. ■ "Probable cause to arrest 'exists when the facts known to the arresting officer would lead a person of ordinary care and prudence to entertain an honest and strong suspicion that the person arrested is guilty of a crime. [Citations.]' [Citation.]" (*People v. Hill* (2001) 89 Cal.App.4th 48, 54 [107 Cal.Rptr.2d 110].) ■ The sworn statement establishes that the officer was informed that appellant had left the scene of an accident and that within 30 minutes of that accident appellant had the odor of an alcoholic beverage, bloodshot eyes, slurred speech and an unsteady gait. These facts contained in the sworn statement are sufficient to establish probable cause for appellant's arrest. (*Spurlock v. Department of Motor Vehicles* (1969) 1 Cal.App.3d 821, 827 [82 Cal.Rptr. 42].)

In challenging the sufficiency of the sworn statement, appellant also attacks the preprinted statement on form DS 367 regarding Officer Smith's reasonable belief that appellant was driving under the influence as an improper conclusion of law. In support of his contention that the hearing officer was not entitled to accept this statement "at face value," appellant cites *August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 62, footnote 3 [70 Cal.Rptr. 172], for the proposition that such a statement "is not the statement of an evidentiary fact and embodies a legal conclusion." But, appellant ignores the next sentence of that opinion, in which the court explained that such a statement is nevertheless admissible and is sufficient to prove the facts for which it is offered "in the absence of objection to its reception into evidence. [Citation.]" (*Ibid.*) The court went on to note that

"[w]hile the [arresting officer's] statement that the licensee refused to take a test may also be a conclusion, it should also be sufficient in the absence of objection or where there is no conflict as to that issue." (*Ibid.*) Because appellant did not appear at the administrative hearing to challenge the statement he now criticizes as a legal conclusion, the hearing officer was entitled to consider it.

■■■ Although we find substantial evidence supporting the trial court's finding of probable cause, we agree with appellant that Officer Smith's collision and arrest reports were not incorporated by reference into the sworn statement simply because they were attached. As we held in *Solovij*, any information the arresting officer has that is relevant to the enforcement proceedings must be included in his or her sworn statement. (*Solovij v. Gourley, supra,* 87 Cal.App.4th at p. 1234.) The form created by the DMV for that purpose contains two preprinted, narrowly spaced lines within which to place the information, coupled with an invitation to "Attach page if needed." Those who craft such forms—like those who prepare instructions for the assembly of children's toys[2] or mail-order furniture—should themselves be required to use the form before imposing it on the intended user. This becomes especially evident when reviewing Officer Smith's lengthy, detailed and typed unsworn statement discussing the facts and circumstances of this case. This statement is sufficient to prove any matter or fact in issue in this case but, because it is unsworn and was not expressly incorporated by reference into the sworn statement, it would have been inadmissible had appellant timely objected to it.

We also reject respondents' contention that the collision and arrest reports qualify as sworn reports under section 13380, subdivision (c). That section provides that "an entry identifying the maker of the document or a signature that has been affixed by means of an electronic device approved by the department" is sufficient to authenticate a sworn report prepared pursuant to section 13380, subdivision (a). Regardless of the form of verification, a document must expressly state it was prepared under penalty of perjury in order to qualify as a sworn report.

## CONCLUSION

It is a maxim of jurisprudence that "[t]he law helps the vigilant, before those who sleep on their rights." (Civ. Code, § 3527.) Appellant, by failing to appear at the administrative hearing he requested, cannot be heard to

[2](See *Community Release Bd. v. Superior Court* (1979) 91 Cal.App.3d 814, 815, fn. 1 [154 Cal.Rptr. 383].)

complain on appeal that the hearing officer considered evidence that may have been objectionable. Even if appellant could raise those objections for the first time in the trial court, the unobjectionable evidence is sufficient to sustain the suspension of his license.

The judgment is affirmed. Respondents are awarded costs on appeal.

Gilbert, P. J., and Yegan, J., concurred.