[No. D040213. Fourth Dist., Div. One. Aug. 15, 2003.]

DARRELL MORGENSTERN, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Bill Lockyer, Attorney General, Andrea Lynn Hoch, Chief Assistant Attorney General, Jacob A. Applesmith, Assistant Attorney General, Dennis W. Dawson and Kathryn M. Megli, Deputy Attorneys General, for Defendant and Appellant.

Trost, Woods & Messina and Richard W. Trost for Plaintiff and Respondent.

## OPINION

**McINTYRE, J.**—The Department of Motor Vehicles (the DMV) suspended Darrell Morgenstern's license to drive following his arrest for driving under the influence of alcohol (DUI) based on results of a breath test showing that his blood-alcohol concentration (BAC) was in excess of the legal limit. The superior court granted Morgenstern's petition for writ of administrative mandamus and ordered the DMV to set aside its suspension order because the arresting officer failed to sign the portion of the sworn arrest report certifying that he obtained Morgenstern's breath test samples in the regular course of his duties, that he was qualified to operate the equipment, and that he administered the test in accordance with applicable regulations. The DMV appeals, arguing Evidence Code section 664 creates a presumption that the officer properly administered the breath test with properly operating equipment, which presumption was not rebutted here, or alternatively, that the officer's sworn testimony at the hearing was sufficient to establish the foundational requirements for the reliability of the test results. We agree that the statutory presumption applies and, even if it did not, the DMV's evidence was sufficient, and thus reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In the evening of May 26, 2001, California Highway Patrol Officer Thomas Eglin stopped Morgenstern after observing the latter weaving and driving in between the lanes on northbound Interstate 5. (All other dates are in 2001

except as otherwise noted.) While speaking with Morgenstern, Eglin smelled alcohol and Morgenstern admitted that he had been drinking with coworkers. At Eglin's request, Morgenstern got out of the car and Eglin could see that Morgenstern had bloodshot eyes, slurred speech and an unsteady gait. Morgenstern failed a series of field sobriety tests, and a preliminary alcohol-screening test indicated he had a BAC of .13 percent.

Officer Eglin arrested Morgenstern for DUI. While transporting Morgenstern to jail, Eglin informed him that he was required to submit to a chemical test to determine his BAC. Morgenstern chose to submit to a breath test that showed he had a BAC of .11 percent. Eglin filled out a sworn statement on DMV form DS 367, setting forth the facts on which he relied as probable cause for the stop and for the arrest. The sworn statement also contained a section relating to the results of the chemical test, which Eglin filled out to indicate that Morgenstern tested twice as having a BAC of .11 percent. Eglin neglected, however, to sign the breath test operator's certification, which provided:

"I certify under penalty of perjury under the laws of the State of California, that the above breath test sample results were obtained in the regular course of my duties. I further certify that I am qualified to operate this equipment and that the test was administered pursuant to the requirements of Title 17 of the California Code of Regulations." Eglin did sign a statement at the bottom of the DS 367 form certifying under penalty of perjury "that the information on both sides of the Officer's Statement is true and correct." He also served Morgenstern with a suspension order and temporary driver's license, which indicated in part that Morgenstern's breath test results showed a BAC of .08 percent or more.

Morgenstern requested an administrative hearing on the suspension order. At the July 5 hearing, the DMV presented Officer Eglin's sworn statement and his unsworn DUI investigation report of the circumstances surrounding the arrest. Morgenstern stipulated that Eglin had probable cause to stop and arrest him, but objected to the sufficiency of the sworn statement as evidence of his BAC in light of the lack of the operator certification. Eglin testified that in his rush to fill out the sworn statement, he neglected to sign the certification, but that he could have truthfully signed the certification at that time.

The administrative hearing officer issued a decision finding that Officer Eglin had reasonable cause to believe Morgenstern was driving under the influence, that he had lawfully placed Morgenstern under arrest and that

Morgenstern's BAC was .08 percent or higher. Morgenstern sought departmental review of the hearing officer's decision, and the DMV affirmed the one-year suspension of his license.

Morgenstern filed a petition for administrative writ of mandamus in the superior court, alleging that the hearing officer acted arbitrarily, made a determination that was not supported by competent evidence, erroneously interpreted the law and exceeded its authority in suspending his license. Morgenstern contended that Officer Eglin's failure to sign the operator certification rendered the sworn report invalid as evidence of his BAC at the time of his arrest, and thus the hearing officer's finding regarding his BAC was unsupported in the record.

The trial court agreed, finding that the Evidence Code section 664 presumption was inapplicable in light of the officer's failure to sign the certification, and that because the statutory scheme required the officer to fill out the form DS 367 at or near the time of arrest, the DMV could not rely on the officer's sworn testimony at the hearing to establish matters omitted from the form. It entered judgment granting Morgenstern's writ petition and ordering the DMV to set aside its suspension order. The DMV appeals.

## DISCUSSION

■ Vehicle Code section 23152 makes it unlawful for any person who has a BAC of .08 percent or more to drive a vehicle. (All further statutory references are to the Vehicle Code except as otherwise noted.) A peace officer who arrests a driver for violating section 23152 must immediately forward to the DMV a sworn report, on forms furnished or approved by the DMV, of all information relevant to an enforcement action against the driver, including a report of the results of any chemical tests showing the driver's BAC. (§ 13380, subds. (a) & (b).)

■ When a driver is arrested for driving under the influence and the arresting officer determines that he has a prohibited BAC level, the officer or the DMV is required to serve him with a notice that his driver's license will be suspended effective 30 days thereafter. (§§ 13353.2, subds. (b) & (c), 13353.3, subd. (a), 13382, subds. (a) & (b).) The notice informs the driver of the reasons for the suspension and that he has a right to seek an administrative hearing. (§§ 13353.2, subd. (c), 13353.3, subd. (a).)

■ The DMV automatically reviews the initial suspension decision or, if the driver so requests, conducts an administrative hearing on the suspension. (§§ 13557, subds. (a) & (e), 13558, subd. (a).) In either instance, the DMV bears the burden of justifying its suspension order. (*Daniels v. Department of*

*Motor Vehicles* (1983) 33 Cal.3d 532, 536 [189 Cal.Rptr. 512, 658 P.2d 1313].) The DMV will uphold the suspension only if it determines, by a preponderance of the evidence, that (1) the officer had reasonable cause to believe the driver violated section 23152; (2) the driver was lawfully arrested or detained; and (3) the driver had a BAC of .08 percent or more. (§ 13557, subds. (a) & (b)(2), 13558, subd. (c)(2); see *Lake v. Reed* (1997) 16 Cal.4th 448, 456, 463 [65 Cal.Rptr.2d 860, 940 P.2d 311].)

■ In an internal administrative review, the DMV must consider "the [arresting officer's] sworn report … and any other evidence accompanying the report," while in an administrative hearing the DMV is required to consider its official records, but may also receive sworn testimony as a basis for making its determination. (§§ 13557, subd. (a), 14104.7; see also § 13558, subd. (b).) The officer's report is admissible under the public employee business records exception to the hearsay rule and will suffice to support the necessary findings, provided the statement is based on the officer's firsthand observations and is made near the time of the event. (*Jackson v. Department of Motor Vehicles* (1994) 22 Cal.App.4th 730, 736–737 [27 Cal.Rptr.2d 712], and authorities cited therein.)

■ Where, as here, the driver petitions for a writ of administrative mandate following an order of suspension, the superior court is required to determine, based on the exercise of its independent judgment, whether the weight of the evidence supports the administrative decision. (*Lake v. Reed, supra*, 16 Cal.4th at p. 456; Code Civ. Proc., § 1094.5, subd. (c).) In reviewing the administrative record, the court makes its own determination about the credibility of the witnesses. (*Barber v. Long Beach Civil Service Com.* (1996) 45 Cal.App.4th 652, 658–660 [53 Cal.Rptr.2d 4].)

■ On appeal, we review the record to determine whether the trial court's findings are supported by substantial evidence, resolving all evidentiary conflicts and drawing all legitimate and reasonable inferences in favor of the trial court's decision. (*Lake v. Reed, supra*, 16 Cal.4th at p. 457.) We exercise de novo review, however, of the trial court's legal determinations. (*Id.* at pp. 456–457.)

The trial court identified the issue to be decided as "whether a police officer can swear under oath at an administrative hearing that he would have certified the [chemical test requirements set forth in the sworn statement], but for his mistake, and [thereby] correct the omitted certification requirements." The court concluded that section 13380 requires contemporaneous execution of the operator certification and that the officer's sworn testimony at the hearing is not sufficient to comply with the statutory requirement.

The DMV contends that the trial court's determination is erroneous because Evidence Code section 664 creates a presumption that Officer Eglin properly administered the breath test using properly operating equipment. ▮ Under Evidence Code section 664, "[i]t is presumed that official duty has been regularly performed ...." Where it is applicable, the presumption shifts the burden of proof to the party against whom it operates to establish the nonexistence of the presumed fact. (Evid. Code §§ 664, 606, 660; see also *Tate v. Superior Court* (1975) 45 Cal.App.3d 925, 929 [119 Cal.Rptr. 835].) In a DMV proceeding, the presumption attaches once the DMV presents competent evidence (through presentation of the documents contemplated in the statutory scheme) in support of its prima facie case; thereafter, the licensee must produce competent affirmative evidence that the applicable standards were not observed in order to rebut the presumption. (*Baker v. Gourley* (2000) 81 Cal.App.4th 1167, 1172–1173 [97 Cal.Rptr.2d 451]; *Davenport v. Department of Motor Vehicles* (1992) 6 Cal.App.4th 133 [7 Cal.Rptr.2d 818].) The question presented here is whether Eglin's failure to sign the attestation of test reliability portion of the DS 367 form renders the presumption inapplicable.

The DMV relies on *Davenport v. Department of Motor Vehicles, supra,* 6 Cal.App.4th 133, in support of its argument that the presumption applies in this case. In *Davenport,* the court held that the DMV's submission of an officer's sworn report was sufficient to trigger a rebuttable presumption under Evidence Code section 664 as to the reliability of chemical test results that were offered to prove the driver had violated the statutory BAC limits. (*Davenport,* at p. 137.) There, the court concluded that the officer's sworn statement (on then DMV form DL 367, which unlike the current form DS 367 *did not include specific foundational representations regarding the reliability of the test results*) was sufficient to make a prima facie showing that the test results were reliable.

In reaching this conclusion, the court acknowledged that "[a]n officer's sworn statement that, when tested, a licensee's BAC was at a particular level is admissible, legally sufficient evidence that the BAC was indeed at that level if and only if there is a basis for believing that the test which measured blood alcohol was reliable. In general, the foundational requirements for establishing the reliability of test results consist of a showing that (1) the apparatus utilized was in proper working order, (2) the test used was properly administered, and (3) the operator was competent and qualified." (*Davenport, supra,* 6 Cal.App.4th at p. 140.) The court reasoned that because the regulations set forth in title 17 of the California Code of Regulations established a "standard for the competency of the results of blood-alcohol tests," Evidence Code section 664 created a presumption that the officer complied with the applicable statutory and regulatory requirements, which in turn gave rise to a rebuttable inference of reliability. (Davenport, at pp.

144–145.) "If it is established that all matters in [the officer's sworn] report are the direct observations and within the personal knowledge of the reporting officer, the ... report, including the results of [chemical] tests administered by the officer, constitutes sufficient evidence to support findings justifying suspension of the licensee's driving privilege." (*Id.* at p. 143; see also *McKinney v. Department of Motor Vehicles* (1992) 5 Cal.App.4th 519, 525 [7 Cal.Rptr.2d 18].)

Morgenstern points out that the officer in *Davenport* properly filled out the DL 367 form and argues that, for that reason, the analysis of the case is not persuasive where the officer fails to fill out the attestation as to the foundational requirements for the reliability of the test. However, the flaw in this argument is that it appears to assume the focus of Evidence Code section 664 is on the officer's duty to fill out the form DS 367, rather than the officer's performance of his duties to properly conduct the breath test with properly functioning equipment. Focusing on the latter, we conclude that Morgenstern's attempt to distinguish *Davenport* fails. Section 13380 does not expressly require the omitted attestation (which was in fact not included on the form DL 367 at issue in *Davenport*), although the statute does specify that an officer's sworn report "shall be made on forms furnished or approved by the [DMV]." (*Id.*, subds. (a) & (b).) Here, Officer Eglin signed the bottom of the form DS 367, certifying the accuracy of all of the facts set forth therein, which necessarily included matters relating to the results of the breath test. Pursuant to the analysis of *Davenport*, Eglin's certification of the requisite factual matters is sufficient to trigger the Evidence Code section 664 presumption that he obtained the breath sample in the regular course of his duties, was qualified to operate the breath test equipment and administered the test in accordance with the applicable regulations. (*Manriquez v. Gourley* (2003) 105 Cal.App.4th 1227, 1232–1233 [130 Cal.Rptr.2d 209]; *McKinney v. Department of Motor Vehicles, supra*, 5 Cal.App.4th at p. 525.)

Even if the presumption were inapplicable, however, we would in any event conclude that the DMV's showing at the administrative hearing was sufficient to establish a prima facie case that Morgenstern had violated section 23152. The DMV presented not only Officer Eglin's sworn report, but also his live sworn testimony that, but for his haste, he could have truthfully signed the foundational attestation. The trial court declined to rely on the officer's sworn testimony, based on the conclusions that section 13380 requires complete contemporaneous execution of the sworn arrest statement and that the DMV cannot rely on the officer's sworn testimony at the hearing to fill in any omissions therefrom. The DMV argues that it is entitled to introduce evidence other than the sworn form in support of its prima facie case. Based on a consideration of the relevant authorities, we find the DMV's argument persuasive.

In *Lake v. Reed, supra*, 16 Cal.4th 448, the California Supreme Court addressed the admissibility of an unsworn police report in an administrative review hearing to show that Lake had been driving at the time of the accident. (*Id.* at pp. 451–452.) At the hearing, the DMV offered two pieces of evidence to prove Lake was driving: the arresting officer's sworn police report and the unsworn report of another officer who responded to the scene of the accident. (*Id.* at p. 453.) Because the arresting officer did not see Lake behind the wheel of the car, his sworn report, which merely recited the observations of other witnesses, constituted inadmissible hearsay evidence on the issue of whether Lake was driving. (*Id.* at p. 459.) The second officer's unsworn report, however, included Lake's admission to the officer that he had been driving, a statement that would be admissible under the party admission exception to the hearsay rule. (*Id.* at p. 461, citing Evid. Code, § 1220.)

The question faced by the high court was whether the hearing officer could properly consider the second officer's report as part of the DMV's prima facie showing that Lake was driving. It concluded that the DMV could properly rely on the second officer's report because the report was within the public employee record exception to the hearsay rule. (*Lake v. Reed, supra*, 16 Cal.4th at pp. 461–462, citing Evid. Code, § 1280.) The court recognized that the statutory scheme "contemplates the DMV will consider evidence other than the [arresting officer's sworn report]" and rejected Lake's argument that permitting consideration of the second officer's unsworn report improperly evaded the requirement that the arresting officer file a sworn report. (*Lake*, at p. 459.) "So long as the arresting officer files a sworn report, we see nothing in section 23158.2 [now section 13380] that specifically precludes consideration of other, unsworn police reports." (*Id.*, at p. 460.)

A number of recent cases have addressed the issue of whether section 13380 precludes the introduction of an arresting officer's unsworn report to provide information not included in the officer's sworn report. In *Solovij v. Gourley* (2001) 87 Cal.App.4th 1229 [105 Cal.Rptr.2d 278], the Second District, Division Six, affirmed the trial court's grant of an alternative writ on the basis that the unsworn report of an arresting officer was inadmissible in a contested hearing. There, the arresting officer's sworn report contained no details about the officer's reason for stopping the driver, although his unsworn report indicated that the driver had been speeding and weaving within one lane. (*Id.* at pp. 1231–1232.) The *Solovij* court concluded that the DMV could not remedy the officer's failure to include the facts justifying the initial stop in his sworn arrest report by relying on the facts stated in the unsworn report. (*Id.* at p. 1234.)

The *Solovij* court distinguished *Lake* because it involved the unsworn report of a *nonarresting* officer rather than the unsworn report of the arresting

officer. (*Solovij v. Gourley, supra,* 87 Cal.App.4th at p. 1234.) It reasoned that because section 13380 expressly requires the arresting officer to file a sworn report containing "all information relevant to the enforcement action," the DMV could not circumvent the statutory requirement by relying on the same officer's unsworn report as additional evidence. It concluded that while permitting the DMV's hearing officer to consider and rely on *another* officer's unsworn police report would not unfairly evade the requirement that the arresting officer file a sworn report, permitting the hearing officer to consider and rely on the *arresting* officer's unsworn report would do so.

In *Dibble v. Gourley* (2002) 103 Cal.App.4th 496 [126 Cal.Rptr.2d 709], the appellate court that filed *Solovij* reaffirmed its analysis. In response to criticism about the analysis in *Solovij,* the court indicated that "[s]ection 13380 says what it says: a peace officer who arrests an individual for driving under the influence 'shall immediately forward to the department a sworn report of all information relevant to the enforcement action ....' 'We presume that when the Legislature said the arresting officer must include "all information" in a sworn report, it meant what it said. An unsworn report will not suffice.' " (*Dibble v. Gourley, supra,* at p. 501.)

*Dibble* also rejected the criticism that *Solovij's* interpretation of section 13380 thwarts the express legislative purpose of the statutory scheme. "If a person successfully objects to an arresting officer's unsworn report at an administrative hearing and the sworn report is insufficient to meet the DMV's burden of proof, the DMV can call the officer to testify. [Citations.] Although it may be more practical to allow consideration of the arresting officer's unsworn reports, the power to fashion such a rule lies exclusively with the Legislature. Of course, all of this is rendered moot and the purpose of the law satisfied if all of the relevant information is included in the officer's sworn report." (*Dibble v. Gourley, supra,* 103 Cal.App.4th at p. 502.)

These cases do not specifically resolve the issue presented here, that is, whether the DMV can attempt to remedy omissions in the officer's sworn report by introducing *sworn* testimony at the administrative hearing. However, based on a consideration of these authorities and the applicable statutes, we conclude that such evidence is admissible. The statutory scheme expressly authorizes the use of sworn testimony at an internal DMV review· or in an administrative hearing. (§§ 13557, subd. (a), 13558, subd. (b), 14104.7, 14112; see *Lake v. Reed, supra,* 16 Cal.4th at p. 458.) Further, although allowing the DMV to rely on sworn testimony by the arresting officer impinges somewhat on section 13380's requirement that the officer prepare a *contemporaneous* sworn report, it does not diminish the nature of. the showing that the DMV must make. This distinguishes our situation from the circumstances of *Solovij* and *Dibble,* wherein the DMV was attempting to

rely on the arresting officer's *unsworn* statements to provide necessary evidence that was omitted from the officer's sworn report.

Morgenstern points out that section 13380 requires the arresting officer to prepare the sworn report no later than five "ordinary business day[s] following the arrest" (*id.*, subd. (a)), and argues that this requirement is mandatory because an officer's written statement at or near the time of the arrest is more reliable than the officer's testimony at the hearing, which is more removed in time from the event. However, there is no language in the statute indicating that the officer's failure to completely fill out the sworn report precludes the introduction of the officer's sworn testimony at the hearing. In the absence of such an express legislative direction and in light of other statutory language indicating that sworn testimony is admissible at an administrative DMV proceeding, we decline to read section 13380 as having such an effect. (See *Spitze v. Zolin* (1996) 48 Cal.App.4th 1920, 1927–1928 [56 Cal.Rptr.2d 573].)

In reaching this conclusion, we note that allowing the officer's sworn testimony at the hearing does not prejudice the driver in any way. Because such testimony would be admissible in any criminal proceeding brought against Morgenstern arising out of the incident, there is no basis for concluding that such evidence is inadmissible in an administrative proceeding against his driver's license, which proceeding is subject to more relaxed rules relating to the admissibility of evidence. (*Lake v. Reed, supra*, 16 Cal.4th at pp. 462, 467.) When the arresting officer testifies at the hearing, the driver has a full opportunity to cross-examine the officer and to challenge the officer's ability to accurately recall the events in question. In light of these protections, the use of the officer's sworn testimony does not create any significant risk of an erroneous administrative determination. (*Id.* at pp. 462–463.) The trial court erred in concluding that Officer Eglin's testimony at the administrative hearing was inadmissible to support the DMV's suspension decision.

■ The presumption under Evidence Code section 664 established the reliability of the breath test results introduced in the administrative proceedings against Morgenstern's license. Further, even in the absence of the presumption, Officer Eglin's testimony at the administrative hearing was sufficient to establish the DMV's burden of showing such reliability. Because Morgenstern failed to introduce evidence rebutting the presumption or contradicting the DMV's evidence, the DMV properly suspended his driver's license and the trial court erred in ordering the DMV to vacate its suspension order.

## DISPOSITION

The judgment is reversed and the case remanded to the trial court with directions to deny Morgenstern's petition for writ of mandate and to reinstate the DMV's suspension order. The DMV is entitled to recover its costs of appeal.

McDonald, Acting P. J., and McConnell, J., concurred.