Filed 5/23/13  Killam v. DMV CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID KILLAM,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>    Defendant and Respondent. | A135546<br><br>(City & County of San Francisco Super. Ct. No. CPF-11-511579) |

David Killam appeals from the denial of his petition for a writ of mandate challenging the suspension of his driver's license.  We affirm.

## BACKGROUND

Killam was arrested for drunk driving at around 8:35 on the night of May 15, 2011, after he drove his car into a retaining wall.  Killam's breath smelled strongly of alcohol, he was unable to stand unassisted, his speech was slurred, and his eyes were bloodshot and watery.  Killam admitted he had drunk six beers, but then said "I don't drink."

Killam was transported to San Francisco General Hospital, where it was determined that a blood test was necessary.  Killam refused and said "I'm not giving you anything."  A forced blood draw was conducted at 10:34 p.m. that night.  Killam was

1

notified that his driver's license would be administratively revoked or suspended pursuant to Vehicle Code section 13353[1] due to his refusal to submit to the test.

Killam challenged the revocation at an administrative hearing on the ground that he was not admonished of the consequences of refusing to submit to a blood test before his blood was forcibly drawn. The hearing officer found the revocation was proper and, specifically, that a notation in San Francisco Police Officer K. Castillo's sworn report (the DS-367 form) that Killam was admonished at 10:45, 11 minutes after his blood was drawn, was a "typographical," or clerical, error. His driving privilege was revoked for three years.[2]

Killam then filed a petition for writ of administrative mandate in the superior court. The court found the hearing officer reasonably relied on an unsworn report by Officer Castillo to find Killam was properly admonished before the forced blood draw. Accordingly, it denied his writ petition. Killam timely appealed.

## DISCUSSION

### I. Standards of Review

In ruling on an application for a writ of mandate after a license suspension or revocation, the trial court independently determines whether the weight of the evidence supports the administrative decision. (*Lake v. Reed* (1997) 16 Cal.4th 448, 456-457.) However, "a trial court must afford a strong presumption of correctness concerning the administrative findings, and the party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence." (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 816-817.)

---

[1] All further statutory references are to the Vehicle Code unless otherwise indicated.

[2] Pursuant to section 13353, subdivision (a)(3), refusal to submit to a chemical blood alcohol test results in a three-year revocation if within the prior 10 years the driver has incurred two or more separate convictions for reckless driving, driving under the influence of alcohol or drugs, or vehicular manslaughter while intoxicated; two or more administrative license suspensions or revocations for driving with .08 percent or greater blood alcohol content or failure to submit to blood alcohol testing; or any combination of two or more of those convictions or administrative suspensions or revocations.

On appeal, we review the record to determine whether the trial court's findings are supported by substantial evidence. We resolve all evidentiary conflicts and draw all reasonable inferences in favor of the trial court's decision, and may overturn the trial court's factual findings only if the evidence is insufficient as a matter of law to sustain them. (*Lake v. Reed*, *supra*, 16 Cal.4th at p. 457.) However, where the determinative issue is legal rather than factual we exercise our independent judgment. (*Manriquez v. Gourley* (2003) 105 Cal.App.4th 1227, 1233.)

## II. Analysis

Killam argues, as he did before the superior court, that the Department of Motor Vehicles (DMV) failed to introduce sufficient evidence to prove he was admonished before his blood was forcibly drawn, and that his license would be revoked unless he submitted to the test. We disagree.

Killam's argument rests on Officer Castillo's sworn incident report, the DS-367 form. In the box provided to indicate the time the blood test was administered, Officer Castillo wrote "22[:]34 hrs," or 10:34 p.m. An unsworn "narrative/supplemental" report also prepared by Officer Castillo and dated May 15 added the following. "*Ofc. Leong advised (B) Killam of the chemical test admonition (23612 CVC).* Due to medical constraints, Killam had to provide us with a blood sample for our investigation. When Killam was advised that he would have to give us a blood sample, he became uncooperative and said, 'I'm not giving you anything.' It was at that time I informed Sgt. Lozada . . . a forced blood draw of Killam's blood would be needed." (Italics added.) A phlebotomist was then summoned, after which Castillo observed the blood draw and delivered the samples to the station.

This is sufficient evidence that Killam was advised of the consequences of refusing the blood test before his blood was forcibly drawn. The issue here arises because, despite her narrative description of the events, Officer Castillo wrote the time of the test as "2234 hrs" in the DS-367 report. The question is whether the court could rely on the supplemental narrative report that Killam was admonished *before* the blood draw

3

and infer that the time notation on the DS-367 was a mistake.  We are satisfied that it could.

MacDonald v. Gutierrez (2004) 32 Cal.4th 150, 158-159, clarifies that the court may rely on unsworn evidence to supplement the officer's sworn report.  The Supreme Court explained:  "[i]n an administrative hearing, '[a]ny relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs. . . .'  [Citation.]  'A police officer's report, even if unsworn, constitutes "the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs." '  [Citation.]  Again, too, we must not lose sight of the reason for the 'slight relaxation of the rules of evidence applicable to an administrative per se review hearing,' a rationale we reiterated in Lake:  '[T]he administrative per se laws are intended to provide an efficient mechanism whereby those persons who drive after consuming dangerous amounts of alcohol can have their driver's licenses quickly suspended so as to ensure they will not endanger the public by continuing to drive.' "  (Ibid; see also Gov. Code, § 11513, subd. (d).)  The trial court properly could thus rely on the sequence of events set forth in Officer Castillo's supplemental report when it found the handwritten entry of "2245" for the time of the chemical test admonition was erroneous and that Killam was admonished before, not after, his blood was drawn.

Killam disagrees.  He maintains that, while MacDonald allows the DMV to look to unsworn evidence "to fill in any necessary information that the officer neglected to state in the DS-367," it does not allow the DMV to rely on such evidence "to override the facts stated in the sworn report."  This is so, he argues, because MacDonald "only authorizes the [DMV] to use unsworn reports to correct technical omissions of proof," not to contradict a sworn statement.  He reads MacDonald too narrowly.  The Court there was tasked with reconciling section 13380, which requires the arresting officer to provide the DMV a sworn report of "all information relevant to the enforcement action" (§ 13380, subd. (a)) and section 13557, which directs the DMV to consider the sworn report and "any other evidence accompanying the report."  (§ 13557, subd. (a).)  The

4

court rejected the view that the unsworn report cannot supply relevant information that was omitted from the sworn report. (*MacDonald v. Gutierrez, supra,* 32 Cal.4th at pp. 158-159.) "[T]he Legislature clearly anticipates the sworn report will contain all or nearly all of the information necessary to remove the offender's license. In light of this legislative intent, the sworn report cannot be wholly devoid of relevant information. However, so long as a sworn report is filed*, it is consistent with the relaxed evidentiary standards of an administrative per se hearing* that technical omissions of proof can be corrected by an unsworn report filed by the arresting officer." (*Id.* at p. 159, italics added.)

Those same "relaxed evidentiary standards" permit the admission of hearsay evidence in an administrative hearing to explain, as well as supplement, other evidence. (Gov. Code, § 11513, subd. (d) [hearsay evidence is admissible in administrative hearings to supplement or explain other evidence, but insufficient in itself to support a finding unless admissible over objection in a civil action].) Under the Court's reasoning in *MacDonald,* therefore, it is equally appropriate to rely on an officer's unsworn report to explain or interpret the sworn report as to cure any omissions. That is what happened here. The trial court looked to Officer Castillo's unsworn narrative report to reasonably find that the peculiar discrepancy between the time of admonishment and the time of the blood draw presented in the officer's sworn report resulted from a drafting error. It was permissible for the trial court to consider the unsworn report for this purpose, and the evidence was sufficient for it to conclude Killam was admonished before his blood was drawn.

5

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Pollak, J.