Filed 8/26/21  Corkery v. Superior Court CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>

PATRICK CORKERY,

    Plaintiff and Appellant,

v.

THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,

    Defendant and Respondent;

STEVE GORDON, as Director, etc.,

    Real Party in Interest and Respondent.

</td><td>

A159463


(City & County of San Francisco Super. Ct. No. CPF-19-516688)

</td></tr>
</table>

This is an appeal from final judgment after the trial court denied the petition for a writ of administrative mandamus (petition) filed by plaintiff Patrick Corkery against real party in interest Jean Shiomoto, in her capacity as Director of the Department of Motor Vehicles (DMV).[1]  Corkery sought by writ to have the court set aside the DMV's suspension of his license for driving with a blood-alcohol level of .08 percent or higher (Veh. Code,

---

[1] Since the time this petition was filed, Steve Gordon has replaced Jean Shiomoto as Director of the DMV.

1

§ 23152)[2] (hereinafter, driving under the influence or DUI).  The trial court denied his petition after finding the weight of the evidence, including sworn and unsworn police documents, supported the DMV's suspension order.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 13, 2018, about 6:41 p.m., on Folsom Street in San Francisco, Corkery was detained on suspicion of driving under the influence.  San Francisco Police Officer Hoang and Field Training Officer Tsang responded to a report of a collision involving a drunk driver in front of a restaurant.  There, the officers found a Toyota Prius with front-end damage parked behind a Land Rover parked at an angle in a passenger loading zone, almost obstructing the bike lane.  A witness described the Land Rover reversing into the Prius while its driver attempted to park.  Without leaving a note, the driver of the Land Rover, identified as Corkery, staggered into the restaurant, where the officers later found him seated at a table.

Corkery, found in possession of the Land Rover key, had bloodshot eyes, drooping eyelids, slurred speech and a strong alcohol odor.  After Corkery denied being drunk or driving and provided evasive information about the accident, the officers tried to administer field sobriety tests.  These tests ended prematurely for safety reasons after Corkery nearly fell.  Officer Hoang gave Corkery the option of a blood or breath test, but he refused both.  Based on his objective signs of drunkenness, Corkery was arrested for driving under the influence about 7:04 p.m. and transported to the San Francisco Police Department Mission Station.

---

[2] Unless otherwise stated, all statutory citations herein are to the Vehicle Code.

2

At the station, Officer Tsang read the formal chemical test admonitions to Corkery from a preprinted DS-367 form, which is a sworn document that must be submitted to the DMV by the arresting/responding officer following a DUI arrest. After receiving the admonitions, Corkery responded no to his options of taking a blood or breath test and continued to deny driving the Land Rover. Officer Hoang served Corkery an administrative per se suspension/revocation order notifying him that the DMV was suspending his driver's license based on his refusal to submit to chemical testing and that he was entitled to request a hearing to challenge his suspension.

Officer Hoang later prepared and signed the DS-367, which begins on page 2, "I admonished the driver," and requires information as to the date, time and location of the incident. While Officer Hoang provided this information, he left blank another section of the form that reads, "If the above Chemical Test Admonition was read to arrestee by another officer, indicate that officer's: Name _____, Badge/ID No. _____, Agency _____, Phone Number (__)_____."

In addition to the DS-367 form, Officer Hoang prepared an unsworn traffic collision report (unsworn report) that documented his and Officer Tsang's investigation of Corkery's collision while driving under the influence. The unsworn report identifies both Officer Hoang and Officer Tsang as the reporting/arresting officers and states in relevant part: "At Mission Station, FTO Tsang read the chemical test admonition from the DMV 367 Form to [Corkery]."

Corkery timely requested an administrative hearing to challenge his suspension, which was held on March 11, 2019. After considering the evidence, the DMV found: (1) there was probable cause to arrest Corkery based on his objective signs of intoxication; (2) Corkery thereafter refused to

3

submit to chemical testing after receiving proper admonitions by Officer Tsang and Officer Hoang; and (3) based on his refusal to test, the one-year suspension of Corkery's driving privilege was appropriate.

On May 30, 2019, Corkery filed the petition in superior court challenging the DMV's suspension of his license. On September 9, 2019, Corkery filed a motion for the court to grant the petition that attached the administrative record. On the same day, the DMV filed its answer.

On October 3, 2019, the court denied Corkery's petition after finding the weight of the evidence supported the DMV's suspension decision. Judgment was entered in the DMV's favor on October 16, 2019.

On October 31, 2019, Corkery moved for a new trial, which the court denied after a hearing on December 30, 2019. This timely appeal followed.

## DISCUSSION

Corkery challenges the trial court's denial of his petition for relief from the DMV's suspension order on three primary grounds: (1) the court improperly admitted Officer Hoang's sworn DS-367 form, which was incomplete and irreconcilably inconsistent with his unsworn traffic collision report; (2) the evidence was insufficient to prove he was properly admonished regarding his right to refuse chemical testing; and (3) the court erroneously rejected his argument that, as a penalty for the DMV's late-filed answer, the DMV should be deemed to have admitted all facts alleged in his petition. We address these issues after setting forth the legal framework.

I. *License Suspension: The Implied Consent Law.*

A. **Suspension.**

In California, " '[a] person who drives a motor vehicle is deemed to have given his or her consent to chemical testing of his or her blood or breath for the purpose of determining the alcoholic content of his or her blood, if

4

lawfully arrested for' a driving-under-the influence offense (§ 23612, subd. (a)(1)(A)), and that such testing 'shall be . . . administered at the direction of a peace officer having reasonable cause to believe' the person was driving while under the influence of alcohol or a drug. (§ 23612, subd. (a)(1)(C).)" (*Troppman v. Valverde* (2007) 40 Cal.4th 1121, 1129–1130 (*Troppman*).)

The DMV is authorized to suspend or revoke the driver's license of "a person [who] refuses [a law enforcement] officer's request to submit to, or fails to complete, a chemical test or tests pursuant to Section 23612, upon receipt of the officer's sworn statement that the officer had reasonable cause to believe the person had been driving a motor vehicle" while under the influence of alcohol or a drug. (§ 13353, subd. (a).)

There are four elements of an implied consent suspension: (1) the officer had reasonable cause to believe the driver drove under the influence of alcohol in violation of section 23152 or 23153; (2) the driver was lawfully detained; (3) the driver refused to submit to or failed to complete a chemical test requested by the officer; and (4) the driver was admonished that his or her driving privilege would be suspended or revoked if he or she refused to submit to or complete a chemical test. (*Troppman, supra*, 40 Cal.4th at p. 1131.) Corkery's challenge relates to the fourth element, whether there was evidence supporting the DMV's finding that he was properly admonished.

## B. Administrative & Court Review.

A driver subject to an implied consent suspension may request an administrative hearing with the DMV. (§ 13353, subd. (e).) "In an internal administrative review, the DMV must consider 'the [arresting officer's] sworn report . . . and any other evidence accompanying the report,' while in an administrative hearing the DMV is required to consider its official records, but may also receive sworn testimony as a basis for making its

5

determination.  (§§ 13557, subd. (a), 14104.7; see also § 13558, subd. (b).)  The officer's report is admissible under the public employee business records exception to the hearsay rule and will suffice to support the necessary findings, provided the statement is based on the officer's firsthand observations and is made near the time of the event." (*Morgenstern v. Department of Motor Vehicles* (2003) 111 Cal.App.4th 366, 372 (*Morgenstern*).)

The DMV's decision to uphold a driver's implied consent suspension is subject to judicial review by administrative mandamus.  (Code Civ. Proc., § 1094.5; Veh. Code, § 13559, subd. (a).)  When, as here, a suspended driver petitions for a writ of administrative mandate, "the superior court is required to determine, based on the exercise of its independent judgment, whether the weight of the evidence supports the administrative decision.  (*Lake v. Reed* [(1997)] 16 Cal.4th [448,] 456; Code Civ. Proc., § 1094.5, subd. (c).)  In reviewing the administrative record, the court makes its own determination about the credibility of the witnesses." (*Morgenstern, supra*, 111 Cal.App.4th at p. 372.)

"On appeal, we review the record to determine whether the trial court's findings are supported by substantial evidence, resolving all evidentiary conflicts and drawing all legitimate and reasonable inferences in favor of the trial court's decision.  (*Lake v. Reed, supra*, 16 Cal.4th at p. 457.)  We exercise de novo review, however, of the trial court's legal determinations.  (*Id.* at pp. 456–457.)" (*Morgenstern, supra*, 111 Cal.App.4th at p. 372.)  We reverse the court's evidentiary rulings " ' " ' "only upon a clear showing of abuse." ' " ' " (*Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1218.)

## II.   *Writ relief was properly denied.*

### A.   **The DS-367 form was admissible.**

Corkery contends the trial court abused its discretion in admitting the DS-367 form because Officer Hoang, the arresting officer who submitted the sworn document, was not truthful and omitted necessary information. We disagree.

Section 13380, subdivision (a) requires the arresting officer to "immediately forward to the department a sworn report of all information relevant to the enforcement action," including, as Corkery notes, information regarding "the circumstances constituting a refusal to submit to or complete the chemical testing . . . ." (Italics omitted.)

Here, Officer Hoang failed to complete the section of the DS-367 form requiring information regarding the identity of the officer (Tsang) who admonished Corkery. However, in Officer Hoang's unsworn report, prepared the same day, he unequivocally identified Officer Tsang as the admonishing officer. Corkery contends based on this inconsistency that the DS-367 form was " 'wholly devoid of relevant information' " and, thus, inadmissible.

The trial court rejected Corkery's challenge to the sworn DS-367 form, reasoning (1) the hearing officer could reasonably conclude that the proper admonition was given and that any inconsistencies between the DS-367 form and the unsworn report "were the result of sloppy paperwork, not perjury," and (2) in administrative hearings such as in this case the rules of evidence are more relaxed than in court hearings.

The trial court acted within its discretion in admitting the sworn DS-367 form on these grounds. In *MacDonald v. Gutierrez* (2004) 32 Cal.4th 150, 159, the Supreme Court held: "Section 13380 provides the arresting officer's sworn report will contain 'all information relevant to the enforcement action.'

Therefore, the Legislature clearly anticipates the sworn report will contain all or nearly all of the information necessary to remove the offender's license. In light of this legislative intent, the sworn report cannot be wholly devoid of relevant information. However, so long as a sworn report is filed, it is consistent with the relaxed evidentiary standards of an administrative per se hearing that technical omissions of proof can be corrected by an unsworn report filed by the arresting officer." (Accord, Gov. Code, § 11513, subd. (c) [in administrative hearings, "[a]ny relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of the evidence over objection in civil actions"].)

Applying *MacDonald* to our facts, we conclude that notwithstanding the missing information, the sworn DS-367 form was admissible and relevant (along with Officer Hoang's unsworn report) as to whether the DMV had grounds to suspend Corkery's license. Any inconsistency relating to the identity of the admonishing officer impacted the weight of this evidence, not its admissibility. Moreover, contrary to Corkery's claim, the two reports are not irreconcilable.[3] The DMV hearing officer reasonably found, based on both the sworn DS-367 form and the unsworn report, that Officers Hoang and Tsang worked together to arrest Corkery for a DUI and transport him to the police station, where Officer Tsang read him the appropriate admonishments

---

[3] Corkery relies on case law holding that irreconcilable *verdicts* must be reversed, citing *Oxford v. Foster Wheeler LLC* (2009) 177 Cal.App.4th 700, 716. The rule governing inconsistent evidence differs. Any inconsistency goes to the weight and credibility of the evidence, an issue reserved for the trier of fact, not the appellate court. (See *People v. Tompkins* (2010) 185 Cal.App.4th 1253, 1261.)

while Officer Hoang observed and documented the incident.  (See *Murphey v. Shiomoto* (2017) 13 Cal.App.5th 1052, 1066–1067 [notwithstanding an error in the arrest report regarding the time of arrest, it was reasonable to find based on the record that defendant was tested within three hours of driving].)  There is no basis on this record to disturb the court's admission of this evidence or its finding that the weight of the evidence supported the DMV's decision.

## B.    Substantial evidence proved Corkery was properly admonished.

Corkery next contends that even if the sworn DS-367 form and Officer Hoang's unsworn report were admissible, nothing in those reports or the other evidence proved Officer Tsang gave him each of the requisite admonishments under section 23612, subdivision (a)(1)(D).[4]  This argument also fails.

---

[4] This provision states:  "The person shall be told that his or her failure to submit to, or the failure to complete, the required breath or urine testing will result in a fine and mandatory imprisonment if the person is convicted of a violation of Section 23152 or 23153.  The person shall also be told that his or her failure to submit to, or the failure to complete, the required breath, blood, or urine tests will result in (i) the administrative suspension by the department of the person's privilege to operate a motor vehicle for a period of one year, (ii) the administrative revocation by the department of the person's privilege to operate a motor vehicle for a period of two years if the refusal occurs within 10 years of a separate violation of Section 23103 as specified in Section 23103.5, or of Section 23140, 23152, or 23153 of this code, or of Section 191.5 or subdivision (a) of Section 192.5 of the Penal Code that resulted in a conviction, or if the person's privilege to operate a motor vehicle has been suspended or revoked pursuant to Section 13353, 13353.1, or 13353.2 for an offense that occurred on a separate occasion, or (iii) the administrative revocation by the department of the person's privilege to operate a motor vehicle for a period of three years if the refusal occurs within 10 years of two or more separate violations of Section 23103 as specified in Section 23103.5, or of Section 23140, 23152, or 23153 of this code, or of Section 191.5 or subdivision (a) of Section 192.5 of the Penal Code, or any

As the DMV notes, the law presumes public officers properly discharge their official duties.  (Evid. Code, § 664.)  Consistent with this presumption, both the sworn DS-367 form and the unsworn report reflect that Officer Tsang, accompanied by Officer Hoang, read Corkery the admonishments required by Vehicle Code section 23612.  Corkery points to no evidence that he was not given the proper admonishments by one of these officers or that he failed to understand the admonishments he received.  This evidence sufficed to support the DMV's finding, upheld by the court, that Corkery was properly admonished.

III.    ***Corkery's timeliness challenge to the DMV's answer is waived and meritless.***

Corkery last contends the trial court erred when rejecting his argument that the DMV's untimely filing of an answer requires the facts alleged in the petition to be deemed admitted as true.  Not so.

Code of Civil Procedure section 1089.5 states in relevant part:  "[W]here a record of the proceeding to be reviewed has been requested pursuant to Section 11523 of the Government Code, or otherwise, and has not been filed with the petition, the party upon whom the petition has been served, including any real party in interest, shall answer or otherwise respond within 30 days following receipt of a copy of the record."

---

combination thereof, that resulted in convictions, or if the person's privilege to operate a motor vehicle has been suspended or revoked two or more times pursuant to Section 13353, 13353.1, or 13353.2 for offenses that occurred on separate occasions, or if there is any combination of those convictions, administrative suspensions, or revocations."  (§ 23612, subd. (a)(1)(D).)

Here, the DMV certified its receipt of the administrative record on August 6, 2019.[5] The DMV filed its answer on September 9, 2019, 34 days later.

Corkery did not challenge the DMV's answer as untimely when he moved the court to grant his petition on September 9, 2019 (the same day the DMV filed its answer). However, Corkery did so for the first time in his reply papers in the trial court, arguing that the DMV should be deemed to have admitted all factual allegations in the petition due to its late-filed answer.

The trial court rejected Corkery's challenge as forfeited because it was first raised in reply. The court also rejected it on the merits because he cited no authority for the proposition that a petition's allegations should be taken as true when an answer is filed late. Both grounds are correct.

First, a trial court has the inherent authority and responsibility to fairly and efficiently manage the litigation before it. (*Briggs v. Brown* (2017) 3 Cal.5th 808, 852.) As such, the court here had discretion to, one, decline to consider an issue raised by Corkery for the first time on reply and, two, disregard the DMV's four-day delay in filing a timely answer. (See *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [" 'Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant' "]; see also Code Civ. Proc., § 475 ["The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties"].)

---

[5] The trial court found, "It appears that respondent received the complete record by August 6, 2019, but the date of receipt is not entirely clear."

Moreover, Corkery has failed twice—before the trial court and this court—to offer any legal authority for his extraordinary proposal to penalize the DMV for filing an answer four days late by deeming the DMV to have admitted all facts alleged in his petition.  Lacking in both precedent and wisdom, we, like the trial court, decline his proposal.  (See *Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395 ["the strong public policy favoring disposition on the merits outweighs the competing policy favoring judicial efficiency"]; see also *McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 281–282 [" 'There is no absolute right to have a pleading stricken for lack of timeliness in filing where no question of jurisdiction is involved, and where, as here, the late filing was a mere irregularity [citation]; the granting or denial of the motion is a matter which lies within the discretion of the court' "].)

## DISPOSITION

The judgment is affirmed.

_____
Jackson, J.

WE CONCUR:


_____
Petrou, Acting P. J.


_____
Chou, J.*

A159463/*Corkery v. Superior Court*

_____

&ast; Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.